(82 South. 587)

No. 23282.

O'QUIN v. EVANS.

(June 30, 1919.)

*(Syllabus by Editorial Staff.)*

1. DIVORCE ☞240(2)—SEPARATION FROM BED AND BOARD—ALIMONY—AMOUNT.

In view of Civ. Code, art. 231, the only rule the court has for fixing the amount of alimony in a suit for separation from bed and board is that it shall be in proportion to the wants of those requiring it and the circumstances of the one who has to pay it.

2. DIVORCE ☞240(4)—SEPARATION FROM BED AND BOARD—ALIMONY—AMOUNT.

Where defendant in suit for separation from bed and board was a successful farmer whose net profit for the preceding year was $2,800, less his household expenses, an allowance of $25 a month as alimony will be increased to $60 a month, although the profit for the preceding year was abnormal because of war time prices of farm products, where the husband is supporting three children by a prior marriage, and the wife one child; the husband's estimated cost of supporting himself and three children being about $1,500 a year.

Appeal from Sixteenth Judicial District Court, Parish of Evangeline; B. H. Pavy, Judge.

Suit by Mrs. Rozene O'Quin against A. C. Evans for separation from bed and board. From a judgment fixing alimony, the plaintiff appeals, and defendant, answering the appeal, prays for a reduction of the amount. Judgment amended by increasing the amount.

E. B. Dubuisson, of Opelousas, for appellant.

E. Alva Edwards, of Ville Platte, and R. Lee Garland, of Opelousas, for appellee.

O'NIELL, J. Plaintiff in this suit for separation from bed and board proceeded by rule upon defendant to show cause why he should not pay her $100 a month alimony for herself and her child. After hearing evidence, the judge fixed the amount of alimony at $25 a month for both wife and child. Plaintiff appeals, and defendant, answering the appeal, prays for a reduction of the amount to $15 a month.

[1] The only matter for determination is the amount of alimony to be allowed. And the only rule we have for fixing the amount is that it shall be in proportion to the wants of those requiring it and the circumstances of the one who has to pay it. Rev. Civ. Code, art. 231.

[2] Plaintiff and her child (only two years old), are living with her mother, who owns property producing revenue that would probably enable her to support her daughter and grandchild if the obligation rested there. But it does not.

The defendant is a successful farmer, owning several hundred acres of land and cultivating 157 acres in sugar cane, cotton, rice, and corn. His net profit from the crops of the year next preceding the trial of this rule amounted to $2,800, less his household expense. That profit, however, was abnormal, because of the wartime prices of all farm products. The value of the farm is estimated at $10,000 or more; but defendant owes debts amounting to $8,900, on which, we assume, he has to pay interest. No estimate is given of the value of his other property, or his net worth. He has three children, issue of a previous marriage, the eldest being about 17 years of age, and all attending school. He estimated the cost of supporting himself and three children at $1,200 to $1,500 a year.

Our opinion is that the $100 a month claimed by plaintiff is more than defendant can afford to pay. On the other hand, the $25 a month allowed by the judgment appealed from is not sufficient to support the plaintiff and her child. Defendant ought to—and the evidence shows he can—support his wife and her child in the same comfort in which he maintains himself and his three other children. Comparing the number of persons to be supported by each spouse, plaintiff's alimony should be half as much per month as defendant spends for his own and his three other children's support. Accordingly the alimony allowed plaintiff and her child should be about $60 a month.

The judgment appealed from is amended by increasing the amount of alimony from $25 to $60 a month, and, as amended, the judgment is affirmed, at defendant's cost.