205 So.2d 433

Ethelyn G. BYNACKER, Wife of Bernard E. McMICHAEL,

v.

Bernard E. McMICHAEL.

No. 48628.

Dec. 11, 1967.

Concurring Opinion and Rehearing

Denied Jan. 18, 1968.

Palmer & Palmer, Amite, for plaintiff-applicant.

Robert H. Fray, White, Fray & White, Gretna, for plaintiff-appellee.

HAMLIN, Justice:

Limited Certiorari was granted in this matter in order that we might determine the correctness of that part of the Court of Appeal's decision which affirmed a part of the trial court's judgment holding that in the partition proceedings between Ethelyn G. Bynacker and Bernard E. McMichael the latter did not have to render an accounting for bonuses or "bonus salary"

received from George Engine Company, Inc. during the period May 9, 1958–January 27, 1961. Art. VII, Sec. 11, La.Const. of 1921; La.App., 194 So.2d 335; 250 La. 472, 196 So.2d 535.

We restricted our hearing to Assignment of Error No. 2 of relator's application, which alleges that "The Court of Appeals erred in holding that even though the husband should account to the wife from January 27, 1961, he need not render an accounting for expenditures from his salary or his bonuses despite the language of CC Article 150 and the prior jurisprudence."

In order to determine the question herein presented, it is necessary that we make the following partial chronological listing of the proceedings which transpired between plaintiff and defendant between May 9, 1958 and June 29, 1965:

May 9, 1958—Ethelyn C. Bynacker, Wife of Bernard E. McMichael, filed suit for a separation from bed and board. She also prayed for a preliminary injunction enjoining and restraining the defendant from in any manner, disposing, mortgaging, or otherwise alienating, or encumbering any of the community property. On the same day, a preliminary injunction was issued on the face of the petition.

May 28, 1958—Bernard E. McMichael filed an answer and reconventional demand. He prayed that the temporary restraining order issued be recalled and set aside and that there be judgment of separation from bed and board between the parties in his favor.

June 2, 1958—Alimony judgment was rendered in favor of Ethelyn G. Bynacker, ordering Bernard E. McMichael to pay alimony pendente lite in the amount of $60.00 weekly, together with $75.00 to be paid on the first day of each month.

September 8, 1958—A rule to increase alimony was denied, and the alimony pendente lite was fixed at the sum of $65.00 per week.

September 12, 1958—Preliminary injunction issued against defendant with respect to certain assets allegedly belonging to the community. (Other restraining orders and preliminary injunctions had previously issued restraining defendant from disposing, mortgaging, alienating, or otherwise encumbering the community.)

April 28, 1959—Plaintiff filed a supplemental and amended petition, in which she prayed for a partition of the assets forming part of the community of acquets and gains existing between her and Bernard E. McMichael.

January 27, 1961—In a separate suit, later consolidated with the separation suit previously filed, Ethelyn G. Bynacker filed suit for divorce on the ground of two years separation; she prayed for a preliminary injunction, ordering and directing the defendant not to transfer, and/or alienate any

of the community assets; she also prayed that an original inventory be made a part of the proceedings and that the partition proceedings prayed for be continued and transacted. On the same day, a preliminary injunction was issued on the face of the petition.

February 28, 1961—Bernard E. McMichael answered plaintiff's petition for divorce, admitting two years separation and alleging fault on the part of his wife. He reconvened, praying for a divorce "a vinculo matrimonii."

February 28, 1961—Alleging that "On September 8, 1958 this court awarded alimony to his wife, plaintiff herein, in the sum of Sixty Five and No/100 ($65.00) Dollars per week, payable weekly; that at the time of the rendition of said alimony decree your mover was earning Eleven Hundred Twenty Five and No/100 ($1125.00) Dollars per month, net take home pay; that his income has been reduced considerably," Bernard E. McMichael filed a motion, in which he prayed for reduction of alimony.

March 15, 1961—Ethelyn G. Bynacker answered her husband's "petition" for a reduction of alimony; she also prayed for a subpoena duces tecum to be issued to George Engine Company, Inc., and/or George Credit Union, and/or Bernard E. McMichael ordering them to produce in court on March 20, 1961, all of the books and/or records of her husband's employer

which dealt with his salary and/or his drawing account and/or his participation in the distribution of any profits whatsoever from his employer. The record does not reveal that a judgment was rendered on the motion to reduce alimony filed on February 28, 1961.

March 29, 1961—Ethelyn G. Bynacker filed a motion, in which she alleged "that a suit for a divorce has been filed by your mover in this same court, bearing Proceedings No. 60,744, and that the defendant therein has filed a motion to have same fixed for trial on the merits and said trial on the merits has been set in this court for Friday, May 19, 1961 at 10:00 o'clock A.M.; and upon further suggesting to the court that the adjudication of the right to a divorce by the parties to both of these proceedings will render this proceeding moot insofar as the right to a separation is concerned; and that since Code of Practice Articles 491 and 492 accord a plaintiff the right to dismiss her suit at any time before a judgment is rendered on her demand; mover asks that the copy of this motion and order be duly served upon the said defendant, * * * ordering said defendant to show cause why said demands for separation in Proceedings No. 46,145 should not be dismissed; * * * " She prayed for consolidation of the cases in order that the partition proceedings might be continued. She alleged that her husband had violated the injunction issued

and prayed that he show cause why he should not be held in contempt.

April 12, 1961—Bernard E. McMichael amended his answer to his wife's petition for divorce. He prayed that he be relieved from the payment of alimony for the support of his wife, Ethelyn G. Bynacker.

September 22, 1961—Ethelyn G. Bynacker filed a supplemental and amended petition, in which she alleged that she was free from fault in connection with the separation between her and her husband.

September 22, 1961—Counsel for Ethelyn G. Bynacker prayed for a writ of subpoena duces tecum. They requested detailed information from George Engine Company, Inc., concerning Bernard E. McMichael; they also requested income tax returns.

September 29, 1961—Bernard E. McMichael filed an amended answer. He prayed for a divorce in his favor and that his wife be held at fault in the initial separation. He prayed that he be forever relieved from the payment of alimony.

October 18, 1961—The trial court rendered judgment in favor of Bernard E. McMichael on the main demand and in his favor on the reconventional demand; it rendered judgment against Ethelyn G. Bynacker on the main demand and dismissed her suit as of nonsuit. It also rendered judgment in favor of plaintiff in reconvention, Bernard E. McMichael, and against the plaintiff, Ethelyn G. Bynacker, defendant in reconvention, decreeing a divorce "a vinculo matrimonii." The court further ordered that in due course the property belonging to the community of acquets and gains be partitioned. In written reasons for judgment, it found Mrs. McMichael at fault.

June 7, 1963—The trial court rendered judgment on a rule taken March 11, 1963. It ordered George Engine Company, Inc. to produce and supply certain enumerated information concerning Bernard E. McMichael. It ordered the company to produce "Detail of amounts Geo. Engine Co., Inc., paid Bernard E. McMichael for salary, bonuses, commissions, directors' fees and other compensation, from January 27th, 1961 through October 18, 1961, and all amounts deducted from said payments for Withholding and FICA Taxes."

January 12, 1965—The trial court gave reasons for a judgment of partition. It stated in part:

"The period of accountability by the husband for the assets of the community under his control shall commence from the date of the filing of the action for a divorce by the wife on January 27, 1961. The institution of the suit for separation by Mrs. McMichael in 1958 produces no legal consequence as it pertains to the question of accountability, since she failed

to pursue it to completion and tacitly abandoned the same by the subsequent filing of this divorce action.

"The community property rights of the wife shall be determined and established as of the date of the judgment of divorce, October 18, 1961. The value of the community interest shall be determined as of the date of settlement."

June 29, 1965—The trial court rendered the instant judgment of partition. Among its many provisions was the following:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Ethelyn Bynacker McMichael's claim for accountability for the salary of Bernard E. McMichael from January 27, 1961 to October 18, 1961, is denied."

Mrs. McMichael appealed devolutively to the Court of Appeal, Fourth Circuit. She alleged many errors committed by the trial court in its judgment of partition, among which were the contentions that the trial court erred in holding that the period of accountability by her husband should commence from January 27, 1961, the date of the filing of the action for divorce; and that it was error to hold that her husband should not account for "bonus salary."

The Court of Appeal stated that there was no doubt in its mind that appellant intended to, and did, abandon her separation suit on January 27, 1961, when she filed the suit for divorce. It held that since Mrs.

McMichael abandoned her suit for separation, the trial judge correctly ruled that the husband's accountability for the assets of the community commenced as of January 27, 1961, the date of the filing of the action for divorce, in conformity with the protection afforded the wife during the pendency of the suit by Civil Code Articles 149 and 150. With respect to Article 150 of the Code, the Court stated, "The provision of Civil Code Article 150 which makes it unlawful during the suit's pendency for the husband 'to contract any debt on account of the community' does not in our opinion make him accountable for expenditures from salaries received by him during that time but simply means that he cannot contract any debt which would be chargeable against the assets of the community as they existed when suit was filed or against the income derived from such assets during the pendency of the suit." The Court also held that the trial judge correctly ruled that Mrs. McMichael failed to establish that her husband secreted or otherwise disposed of any of the community assets in fraud of her rights.

For the purpose of our decision, we shall accept the findings of the trial court and the Court of Appeal to the effect that when Mrs. McMichael filed suit for divorce on January 27, 1961, she abandoned her separation suit filed on May 9, 1958. The question then arises as to whether the abandonment of the separation suit by Mrs.

McMichael had the effect of maintaining the existence of the community between Mr. and Mrs. McMichael until the filing of the suit for divorce on January 27, 1961. Under the facts of the instant case, we conclude that it did.

■ The circumstances of the parties herein were exceptional and peculiar to themselves; they were living separate and apart, and the wife received alimony fixed by the trial court from her husband. Art. 148, La.Civil Code. Because of the circumstances of the instant case, we conclude that Mr. McMichael does not have to make an accounting to Mrs. McMichael for that part of his salary upon which the award of alimony was based, which did not include bonuses received from and after May 9, 1958.[1] The judgment of divorce was rendered October 18, 1961, before the passage of Act 178 of 1962, amending Art. 155, La. Civil Code. The case is therefore governed by Tanner v. Tanner, 229 La. 399, 86 So.2d 80.

1. Art. 231, La.Civil Code, provides:
"Art. 231. Basis for granting alimony.
"Alimony shall be granted in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it." O'Quin v. Evans, 1919, 145 La. 473, 82 So. 587.
There is nothing even remotely suggesting that the wife should keep an account of her expenditures from the award to her, or that the husband should keep an account of his expenditures from the share of income retained by him upon which the award of alimony was based.

The Court of Appeal stated, "The Trial Court however denied Mrs. McMichael's claim for an accounting for the salary paid her husband by his employer during the pendency of the divorce proceedings. In our opinion the salary paid him during this period is not comparable to the income, such as dividends and rentals, derived during this period from assets owned by the community as of the date suit was filed."

Having found that the community was in existence from and after May 9, 1958, we approach the question of whether Mr. McMichael has to account for the bonuses he received since then. For the reasons hereinafter set forth, we conclude that the bonuses did form a part of the community and that defendant does have to render an accounting for them.

In brief, the defendant states:

"It is admitted and has never been denied by appellee that wages and/or bonus salaries fall into the community during its existence.

Reason dictates that it should be so. It was never intended that either party would be burdened with keeping an account of expenditures for food, lodging, clothing, medicines, entertainment, and other such sundries, or that the courts would be burdened with the difficulty of reviewing these in the main small and inconsequential items.

If such an obligation is to be placed on the courts, the administration of justice in these days and times would be bogged down in view of the great amount of domestic relations matters.

"However, it has been and presently is the contention of appellee that he does not have to account to appellant for any bonuses and/or salaries received by him prior to the institution of the petition for divorce filed on January 22 [27], 1961, nor would he have to account to her at any time except where fraud is alleged."

Article 2402 of the Louisiana Civil Code sets forth the composition of the community. It states that the community consists of the produce of the husband's industry. Herein, the bonuses were certainly earned by Mr. McMichael from his industry with George Engine Company, Inc.,[2] and they formed a part of his salary not considered in the computation of alimony.

"The husband is the head and master of the partnership or community of gains; he administers its effects, disposes of the revenues which they produce, and may alienate them by an onerous title, without the consent and permission of his wife.

"He can make no conveyance inter vivos, by a gratuitous title, of the immovables of the community, nor of the whole, or of a quota of the movables, unless it be for the establishment of the children of the marriage. * * *

"Nevertheless he may dispose of the movable effects by a gratuitous and particular title, to the benefit of all persons.

"But if it should be proved that the husband has sold the common property, or otherwise disposed of the same by fraud, to injure his wife, she may have her action against the heirs of her husband, in support of her claim in one-half of the property, on her satisfactorily proving the fraud." Art. 2404, La.Civil Code. See, 25 La.L.Rev. 514.

■ Mr. McMichael had the administration of his bonuses during the period herein involved, but this does not mean that he has to make no accounting for them. It has long been established that the wife has a vested interest in the community property at the time it is acquired and is entitled to one-half of the assets of the community at its dissolution, whether it be by death, divorce, or judicial separation.

---

2. "This partnership or community consists of the profits of all the effects of which the husband has the administration and employment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way, even although the purchase be only in the name of one of the two and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase. * * *" Art. 2402, La.Civil Code. See, 25 La.L. Rev. 95.

In conjunction with the above article, it is to be noted that Art. 2334 of the La. Civil Code provides that the earnings of the wife when living separate and apart from her husband although not separated by judgment of court are her separate property. Cf. 25 La.L.Rev. 159.

Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12; 22 Tul.L.Rev. 650. Cf. Hill v. Hill, 115 La. 490, 39 So. 503; Beatty v. Vining, La.App., 147 So.2d 37; Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169; 27 La.L.Rev. 823. It could be that Mr. Mc-Michael spent the bonuses for necessities, repairs of the community which he was administering, hospital, drug, and medical bills, or it could be that he squandered them to the prejudice of Mrs. McMichael. This is something that cannot be known until he renders an accounting.

It is incumbent upon Mr. McMichael to account for the bonuses he received during the period May 9, 1958–October 18, 1961. He must disclose the amounts received and the amounts expended. The trial court will then be in a position to determine whether there is an amount due to Mrs. McMichael as part of her one-half interest in this part of the community.

For the reasons assigned, the judgment of the Court of Appeal, Fourth Circuit, is reversed and set aside, insofar as it held that Mr. McMichael did not have to account to his divorced wife, Ethelyn G. Bynacker, for the bonuses he received during the period May 9, 1958–October 18, 1961. In all other respects, the judgment is affirmed. The matter is remanded to the Twenty-Fourth Judicial District Court for

further proceedings according to law and consistent with the views herein expressed. Costs to be borne by the community of acquets and gains.

SANDERS, J., concurs in part and dissents in part for the reasons assigned by McCALEB, J.

SUMMERS, J., concurs and will assign reasons.

McCALEB, Justice, dissents in part, being of the opinion that plaintiff's former husband should be required to account for the income received from his salary as well as for the bonuses paid him during pendency of the suit until the date of judgment of divorce.

SUMMERS, Justice (concurring).

In my view the husband must account to the wife upon the dissolution of the community for all assets of the community from whatever source—salaries, bonuses, etc. Since this decree requires an accounting for all bonuses, and the salary of the husband was consumed by the alimony he paid to his wife, together with his own necessities, there is nothing else to account for. I, therefore, agree that the result reached is proper.