246 So.2d 70 (1971)
Mrs. Lucille JOHNSON, wife of Jerry Ray FOSTER
v.
Jerry Ray FOSTER.
No. 4327.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1971.
Rehearing Denied April 5, 1971.
Writ Refused May 26, 1971.
*71 Frank J. D'Amico, for plaintiff-appellant.
Hobart O. Pardue, Jr., Springfield, for defendant-appellee.
Before REGAN, CHASEZ and LEMMON, JJ.
REGAN, Judge.
The plaintiff, Lucille Johnson Foster, instituted this action against the defendant, Jerry Ray Foster, seeking a partition of the assets of the community of acquets and gains which existed between them. The request for the partition was contained in the plaintiff's prayer for a final divorce, and while the trial court seemed troubled by this form of procedure both parties agreed that it was a correct one.
The defendant answered and simply denied the allegations delineated in the petition of the plaintiff.
Judgment was rendered in due course granting the plaintiff's request for a divorce, and at the suggestion of counsel the court merely reserved the rights of the parties to a partition. Thereafter, a trial occurred for the purpose of adducing evidence relative to various claims by the parties for credits and offsets against the community, however, the court neither ordered a partition nor referred the parties to a notary public for final settlement of the community in conformity with the rationale of Articles 4604 and 4605 of the Code of Civil Procedure. Instead, the court merely awarded various amounts in favor of the defendant and against the community and likewise awarded a claim against the defendant in favor of the community. From that judgment, the plaintiff has prosecuted this appeal.
The lower court's judgment is erroneous in several respects, the most important of which is its failure to grant the relief for which the plaintiff prayed and to which she is clearly entitled, namely a partition of the community property. Such a judgment is the predicate upon which the remainder of the partition process must be based.[1] Only after the lower court has decreed a partition and referred the matter to a notary public can the various disputes now being argued before us, both orally and in brief, be presented for a final determination.[2]
There is another area in which the trial court erred, which, in order to avoid unnecessary litigation, should be disposed of at this point in the partition proceeding. The lower court used the date of the judgment of divorce as the date from which the various debits and credits for expenditures made or items received should be calculated. However, Article 155 of the Civil Code is quite clear in its pronouncement that the community is dissolved as of the date of the filing of the petition for separation from bed and board and not the date of the judgment of divorce. Hence, the community of acquets and gains existing between the plaintiff and the defendant was dissolved as of January 14, 1964, and the paraphernal nature of the funds expended by either party and the amounts thereof must be determined as of this date.
For the foregoing reasons, the judgment of the lower court is reversed, and the matter is now remanded for such additional proceedings as the nature of the case may require, all of which shall be in conformity with the rationale expressed hereinabove.
*72 The costs of this appeal shall be divided equally between the parties. All other costs incurred herein shall await the final determination hereof.
Reversed and remanded.
LEMMON, Judge (concurring in part, dissenting in part).
I agree with the majority that Mrs. Foster should be granted the relief for which she prayed, but I disagree that the case should be remanded to the trial court for this relief. This court should grant the partition of the community property, order a sale at public auction, and appoint a notary to make the partition in accordance with law.
I further believe that this court has the duty of reviewing the judgment of the trial court and adjudicating, as far as possible, its correctness. This is exactly what the court did under similar circumstances in Butler v. Butler, supra (cited by the majority) to prevent unnecessary litigation between the parties.
In the present case the parties separated in 1964, and the community property consisted of the family residence and the furniture and appliances therein. There was also a boat, which the husband claims to have sold before the judicial separation.
During the marriage the husband had been paralyzed by an injury sustained while in the armed forces. He received a government grant of partial payment of the family residence in the amount of $9,500.00, one of the conditions of the grant being the installation of special apparatus to accommodate his particular disability.
After their separation the husband continued to reside in the family home and paid the mortgage payments, insurance premiums, paving liens and repairs. Evidence on the amount of these payments was introduced. He also refinanced the mortgage on the family residence with the consent of the wife, although the use of the proceeds of the refinancing are in dispute.
In thorough written reasons the trial court concluded that the government grant was separate property and that the husband was entitled to a judgment against the community in the amount of the grant as well as the amount of insurance premiums, paving liens and repairs paid by him. Judgment was further rendered in favor of the community and against the husband for the amount that he increased the house mortgage after the separation.
Where evidence has been taken by the trial court and a judgment rendered, and the evidence and judgment is before us for review, it is our duty to pass on the correctness of the judgment. LSA-C.C.P. art. 2164. It should not matter that the judgment is deficient in some respects.
A remand by us will require the litigants to again make the long journey to this court to raise the same issues based on the same evidence, after considerable delay and expense. While the majority speaks of avoiding "unnecessary litigation", they have clearly encouraged and required an opposite result.[1]
If this court had adjudicated the issue of the status of the government grant and the claims by the husband for expenditures on behalf of the community, at least by laying guidelines on these expenditures which could be used by the notary in disbursing the proceeds of the partition sale, it is very unlikely that another appeal in this matter would be forthcoming, or even that it would return to the district court. However, by remanding, the majority has made *73 another appeal almost a certainty and caused this appeal already before us to be hollow and meaningless.
I therefore dissent from the remand.
Rehearing denied.
LEMMON, J., is of the opinion the rehearing should be granted.
NOTES
[1] See Butler v. Butler, 228 So.2d 339 (La.App.1969).
[2] In this case, in view of the fact that the parties are able to agree upon the valuation placed on the immovable property which is a community asset, it should be mentioned that Article 4604 of the Code of Civil Procedure allows for the use under appropriate circumstances of a descriptive detailed list similar to that used in succession proceedings.
[1] LSA-Const. Art. 1, § 6, reads:

"All courts shall be open, and every person for injury done him in his rights, lands, goods, person or reputation shall have adequate remedy by due process of law and justice administered without denial, partiality or unreasonable delay." (Emphasis supplied.)