375 So.2d 769 (1979)
Marguerite Scamardo LEE
v.
George Shelton LEE.
No. 10247.
Court of Appeal of Louisiana, Fourth Circuit.
September 13, 1979.
*770 Donelon, Cannella & Donelon, Lawrence J. Fritz, Metairie, for plaintiff-appellant.
Richard L. Greenland, Metairie, for defendant-appellee.
Before SAMUEL, LEMMON and GARRISON, JJ.
LEMMON, Judge.
The wife's appeal in this community property settlement litigation questions a judgment dismissing her motion to declare her entitlement to a portion of her former husband's military pension, on the basis that the issue had previously been decided in favor of the husband by a judgment which had not been appealed and thus had become definitive. A review of the entire trial court proceedings is necessary to explain our decision to dismiss the appeal as one from a nonappealable judgment.

I
In February, 1975 Mrs. Lee filed a petition to settle the community, which had been dissolved by their 1969 divorce. The inventory filed in February, 1976 included the military pension, which was valued at almost $175,000.00.
On March 2, 1977 Mr. Lee filed a rule to transverse the inventory, asserting that the pension was not community property because he was in military service prior to the marriage and did not earn entitlement to the pension until after the divorce. On April 5, 1977 the trial court rendered a judgment on the rule, ordering the military pension removed from the inventory on the basis that the pension "was neither vested nor earned as of the date of the dissolution of the community". There was no appeal from this judgment.
In August, 1977 Mr. Lee answered the petition for settlement of community, asking that the property be sold at public auction and a notary appointed to effect the partition. The trial court rendered judgment on October 10, 1977, ordering sale of the property at public auction and referring the proceeds of the sale to a notary for disbursement, reserving to the parties the right to an accounting for claims relating to administration or alienation of community assets.
On June 5, 1978 Mrs. Lee filed a "Petition for Accounting for Community Property", seeking certain credits allegedly due her for payment of community debts and asserting entitlement to a portion of Mr. Lee's military pension. The trial court treated the latter demand as an untimely application for a new trial from the April, 1977 judgment, which had removed the military pension *771 from the inventory, and the court in September, 1978 rendered judgment dismissing the pleading.[1] Mrs. Lee appealed.
Prior to submission of the appeal to the appellate court for decision Mr. Lee filed a motion to dismiss the appeal, asserting that the appeal, as an appeal from the final judgment of April, 1977, was untimely. This court referred the motion to the merits.

II
The November, 1978 appeal was obviously too late to seek a review of the April, 1977 judgment, if that judgment had become definitive. However, Mrs. Lee's motion, dismissed by the judgment of September, 1978, was essentially an attempt to relitigate the previously decided issue of her entitlement to a portion of the military pension, and the trial court's ruling was essentially a refusal to relitigate. Thus, the correctness of the September, 1978 judgment depends upon a determination of whether the April, 1977 judgment had become definitive. A closely related issue, raised by the motion to dismiss the appeal, is whether either judgment is appealable.[2]

III
The general scheme of the Code of Civil Procedure is to allow appeals of right from every judgment which decides the merits of the case in its entirety and from some judgments which either decide the merits in part or decide preliminary matters in the course of the action.[3] The judgment of April, 1977 decided the merits of the case in part and therefore constituted a partial final judgment.
While the right to appeal a final judgment which completely decides the merits of the case is universal, the right to appeal a "partial final judgment" represents a procedural change adopted by the Code of Civil Procedure. McMahon, The Work of the Louisiana Appellate Courts for the 1962-1963 Term, 24 La.L.Rev. 168, 291 (1964). This change, while conflicting with the policy against piecemeal appeals, recognizes that some issues or the rights of some parties should be decided with finality prior to a complete adjudication of the merits.
C.C.P. art. 1915 expressly limits the trial court's authority to render partial final judgments.[4] The purpose of enumerating *772 the situations in which appeals are permitted from partial final judgments is to limit piecemeal appeals to those situations (generally those involving liberal rules of joinder of parties or cumulation of actions) in which considerations of fairness override the desirability of having only one appeal in each action. See C.C.P. art. 1915, comment (b).
The situation in the present case is not one of those enumerated in C.C.P. art. 1915. Indeed, in litigation between one plaintiff and one defendant where the sole object of the litigation is complete settlement of the community, a party should not be permitted to take separate appeals from each ruling on individual items of community property. Daigre v. Daigre, 230 La. 472, 89 So.2d 41 (1956). Even more importantly, a party should not be required either to appeal from each separate ruling or to suffer the complete loss of the right of review as to that ruling after the final judgment homologating the partition.
Appellate courts have, for purposes of judicial economy, considered appeals for unauthorized partial final judgments in community property settlement cases, at least to the extent of adjudicating the major area of dispute in order to expedite the completion of the partition.[5] Nevertheless, no decision has been found which held that an unappealed ruling on one or several items of community property, prior to homologation of the partition, was a final judgment that became definitive and precluded review of the issue on a subsequent appeal from the judgment of homologation.[6]
We accordingly conclude that the judgment of April, 1977 was a partial final judgment that was not appealable under C.C.P. art. 1915 and thus did not acquire the authority of the thing adjudged when it was not appealed. Therefore, the judgment of September, 1978 did not decide the merits of the case, in whole or in part. As an interlocutory judgment which does not cause irreparable injury, the judgment of *773 September 1978 is not appealable, and the motion to dismiss should be granted.[7]
Accordingly, the motion to dismiss the appeal is granted, and the case is remanded for further proceedings consistent with this opinion.
APPEAL DISMISSED, CASE REMANDED.
NOTES
[1] The trial court also referred Mrs. Lee's other claims to the notary and ordered him to complete the partition and file the proposed distribution.
[2] LEMMON, J., notes that res judicata is the true issue inherent in the determination of whether an earlier judgment has become definitive, and would prefer to treat the motion to dismiss the appeal as a plea of res judicata.

A peremptory exception may be raised for the first time in the appellate court, if pleaded prior to submission of the case. C.C.P. art. 2163. Although C.C.P. art. 927 requires the exception of res judicata to be pleaded and prohibits the court's supplying the exception, Mr. Lee's pleading in the appellate court, although entitled a motion to dismiss the appeal, essentially asserted the question of the preclusive effect of the April, 1977 judgment. Since C.C.P. art. 865 mandates that every pleading should be construed so as to accomplish substantial justice, this pleading should be construed as a plea of res judicata filed in the appellate court.
The reasons expressed in support of the dismissal of the appeal as one from a non-appealable judgment would justify the overruling of the plea of res judicata.
[3] C.C.P. art. 2083, relating to appealable judgments, provides:

"An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury."
C.C.P. art. 1841 defines final and interlocutory judgments as follows:
"A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
"A judgment that determines the merits in whole or in part is a final judgment."
[4] C.C.P. art. 1915 provides:

"A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
"(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or interveners;
"(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969;
"(3) Grants a motion for summary judgment, as provided by Articles 966 through 969; or
"(4) Renders judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
"If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case."
The article "permits, in a proper case, what was formerly reprobated as piecemeal litigation". McCoy v. Pacific Coast Fire Ins. Co., 248 La. 389, 178 So.2d 761 (1965). Except for Walker v. Jones, 257 La. 404, 242 So.2d 559 (1970), a decision calculated to correct an injustice resulting from inadvertent omission of one claim from a final judgment which adjudicated all other claims, the courts have treated the situation enumerated in C.C.P. art. 1915 as exclusive instances in which partial final judgments are permitted.
[5] In Butler v. Butler, 228 So.2d 339 (La.App. 1st Cir. 1969), after the trial court ruled without joinder of issue on the status of alleged community assets and liabilities, the appellate court noted that the initial judgment in a partition suit should go no further than to refer the proceeds of the sale and the parties to a notary for settlement of the community; however, "in the interest of preventing further litigation", the court proceeded to review the various rulings. In Foster v. Foster, 246 So.2d 70 (La. App. 4th Cir. 1971) the appellate court remanded the matter to the trial court with instructions to follow the codal procedure for effecting a partition, although a separate opinion pointed out the inefficiency of not reviewing the ruling on the only disputed issue in the partition. And in Cookmeyer v. Cookmeyer, 352 So.2d 232 (La. 1977) the intermediate court's refusal (349 So.2d 366) to review a piecemeal partition was summarily reversed by the Supreme Court, with instructions to decide the merits of the issues presented.
[6] Marionneaux v. Succ. of Marionneaux, 28 La. Ann. 392 (La. 1876), decided long before adoption of the Code of Civil Procedure, but cited in Lester v. Lester, 245 So.2d 478 (La. App. 3rd Cir. 1971), held that rulings on contestations in the course of the proceeding before the notary need not be appealed until the judgment rendered after the partition is presented for final homologation.
[7] The unappealed and non-appealable April, 1977 judgment, holding the military pension to be separate property, can be reviewed upon appeal from the judgment homologating the partition and technically is not now before the court for review.

While we could employ the rationale of the cases discussed in Footnote 6 and review the judgment now (by exercising supervisory jurisdiction), thus perhaps averting another appeal, the record does not contain the testimony taken at the hearing which led to the April, 1977 judgment. Moreover, there were other claims presented by Mrs. Lee which were referred to the notary with instructions to complete the partition and to file the proposed distribution.
Thus, although we might prefer to adjudicate the issue of Mrs. Lee's entitlement to a portion of the military pension, we cannot do so on the present record.