PER CURIAM.
This is an appeal from a community property partition judgment.
The parties were married on February 19, 1972. According to testimony, a petition for separation was filed and a judgment of separation was rendered. The judgment of divorce was rendered on August 6,1984. A petition for partition of the community property was filed on September 17, 1986. Judgment was rendered and written reasons assigned on November 15, 1990, as follows:
WRITTEN REASONS FOR JUDGMENT
This matter having come before the Court on hearing for Partition of Community Property on the 12th day of March, 1990, and having been taken under advisement by the Court at that time, the Court now renders these Written Reasons for Judgment:
George McDonald is to receive the following:
The home, 52% complete as of March 18, 1986, which lies on his separate property_ $31,953.00
Tools_ 1,000.00
1984 truck_ 5.000.00
TOTAL (movables and immovables) $37,953.00
Mayona McDonald is to receive the following:
Immovable property located in Calcasieu Parish containing two (2) acres more or less_ 6,000.00
Reimbursement owed by George Mills McDonald to the community for one-half of the value of funds used to construct improvements on his separate property_ 15,976.50
Livestock containing approximately forty (40) head of cattle_ 10,000.00
One registered appaloosa horse_ 800.00
One three-wheel Honda_ 800.00
One 1977 truck_ 500.00
*986 250.00 One 1979 automobile_
250.00 Furniture located in home-
$34,576.50 TOTAL (movables and immovables)
The Court notes that neither party has listed any net liabilities. Additionally, this Court recognizes Mayona Lou McDonald’s interest in George Mills McDonald’s Citgo retirement and Thrift plans. Such interest is to be determined according to the formula set forth in Sims v. Sims, 358 So.2d 919 (La.1978), which is as follows:
[[Image here]]
Therefore, Mayona Lou McDonald is hereby recognized as having an interest according to the above cited formula in any Citgo retirement plan in favor of George Mills McDonald and an interest in any annuity or lump sum payment paid by Citgo to Mr. McDonald.
The Court further finds that Mr. McDonald has a net community asset of $37,-953.00, while Mrs. McDonald has $34,-575.50 in net community assets. To equalize the community assets, George Mills McDonald is ordered to pay Mayona Lou McDonald the sum of $3,400.00, payable in monthly installments of $170.00 for twenty (20) months, with such payments to begin on December 1, 1990 and due on the first day of each successive month until paid.
Court costs are hereby ordered divided equally between the parties.
A written judgment will be signed upon presentation.
/s/ Billy H. Ezell Billy H. Ezell, District Judge
Plaintiff-Appellant, George Mills McDonald, appeals and places at issue the calculation of the total value of the community assets and the valuation and classification of certain properties.
COMMUNITY ASSETS
Mr. McDonald asserts that the trial judge erred in calculating the total value of community assets.
We agree. The trial judge allocated certain movables and immovables to each party. The record as a whole indicates that the trial judge determined the properties listed in the judgment to be community assets. Thereafter, he awarded Mrs. McDonald the approximate difference between the allocations. The payment award of $3,400 to Mrs. McDonald was made in order to equalize the net community assets received by each party in accordance with R.S. 9:2801. However, as a matter of law, the awarded amount does not result in an equal net distribution because the payment awarded should have been half the difference between the net allocations.
Furthermore, examination of the record reveals that the partially completed home and reimbursement owed from the separate patrimony of Mr. McDonald were improperly treated as assets of the community-
Both parties admit that community funds were expended for the partially completed home located in Beauregard Parish. The record as a whole indicates that the trial judge determined that the Beauregard Parish real estate is the separate property of Mr. McDonald. There is no dispute on appeal as to the separate nature of the Beauregard Parish property.
C.C. art. 2366 states, in pertinent part, the following:
*987 Buildings, other constructions permanently attached to the ground, and plantings made on the separate property of a spouse with community assets belong to the owner of the ground.
The partially completed home located on the Beauregard Parish property is therefore the separate property of Mr. McDonald. C.C. art. 2366 further states:
Upon termination of the community, the other spouse is entitled to one-half of the amount or value that the community assets had at the time they were used.
Mrs. McDonald is entitled to be reimbursed for her share of the community funds spent to improve Mr. McDonald’s separate estate. See Breaux v. Breaux, 555 So.2d 1001 (La.App. 3rd Cir.1990). Comment (b) to C.C. art. 2358.1 states the following:
(b) Article 2358.1 does not mean that reimbursement shall be made only after the community is partitioned. It means that reimbursement shall not be made from the total net value of the community; it shall be made from the share in the community of the spouse who owes reimbursement or from his separate property. Cf. C.C. Art. 2366. (emphasis added)
Accordingly, the trial court award of $3,400 is reversed. Further, the value of the partially completed home and the reimbursement owed Mrs. McDonald were improperly listed as community assets. The reimbursement must be made by Mr. McDonald from his separate estate.
SUFFICIENCY OF THE EVIDENCE
Mr. McDonald contends that the trial judge erred by including separate property of the appellant in the community assets. Mr. McDonald first alleges that livestock were erroneously included in the community assets. He specifically asserts that the existence and value of 40 head of cattle were never established.
The record reveals that the only evidence presented to establish the existence, nature, quantity, and value of livestock is the controverted and unsubstantiated testimony of Mrs. McDonald. After reviewing the record in its entirety, the evidence is insufficient to establish whether or not during the community property regime cattle were purchased or donated, or that cattle inherited by Mr. McDonald were replaced by their offspring during the community regime. Furthermore, since the evidence presented is insufficient to establish the existence of cattle, the issue of the value or quantity of said cattle need not be addressed.
Therefore, we find that the trial judge erred in finding 40 head of cattle to be a community asset.
Mr. McDonald also asserts that his 1984 pick-up truck was erroneously included in the community assets. He avers that the truck was purchased after the 1982 legal separation. The record contains no evidence to indicate which year the pick-up truck was manufactured other than the testimony of Mr. McDonald. He testified that:
Q Do you have a ’77 truck?
A That I bought, yes, sir, after the divorce.
Q A ’77 truck you bought after the divorce?
A Yes, sir. I provided you with a copy of that.
Q What about an ’84 truck, then?
A No, sir; it was an ’82. We discussed that in your office.
Q There was not two trucks.
A There are two trucks — ’77 that I bought, and I have a photostatic copy of the registration on it, and an ’82.
Q ’77 truck?
A Yes, sir. I provided you with that in your office.
The separate or community property nature of the truck can only be determined when the existence and dissolution of the community property regime is established.
Art. 2338. Community property
The community property comprises: property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse; property acquired with community things or with community and separate things, unless *988 classified as separate property under Article 2341; property donated to the spouses jointly; natural and civil fruits of community property; damages awarded for loss or injury to a thing belonging to the community; and all other property not classified by law as separate property-
Acts 1979, No. 709, § 1.
Both Mr. and Mrs. McDonald testified that they were legally separated in 1982. This fact is not in dispute.
Art. 155. Dissolution of community upon separation; re-establishment after reconciliation
Art. 155. Separation from bed and board carries with it separation of goods and effects. Upon reconciliation of the spouses, the community may be re-established by husband and wife jointly, as of the date of the filing of the suit for separation from bed and board, by an act before a notary and two witnesses, which act shall be recorded in the conveyance office of the parish where said parties are domiciled but which act shall be without prejudice to rights validly acquired in the interim. (As amended, Acts 1944, No. 200; Acts 1950, No. 304, § 1)[1]
In Foster v. Foster, 246 So.2d 70 (La.App. 4th Cir.), writ refused, 258 La. 774, 247 So.2d 867 (1971), the court stated the following in interpreting C.C. art. 155:
However, Article 155 of the Civil Code is quite clear in its pronouncement that the community is dissolved as of the date of the filing of the petition for separation from bed and board and not the date of the judgment of divorce.
Id. at 71.
The record does not contain a copy of the petition for separation or judgment of separation. The divorce decree contained in the record does not recite the date of the filing of the petition requesting the legal separation. The date of the dissolution of the community property regime is not determinable from the record before us. There-' fore, it is impossible to determine if the pick-up truck was purchased before or after the community property regime terminated.
C.C. art. 2340 states the following:
Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property.
Mr. McDonald has the burden of proving that the truck is separate property. For the foregoing reasons, we find that Mr. McDonald failed to carry his burden. We find the court’s determination that the truck is a community asset to be correct.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part, and rendered as follows:
1) ASSETS:
Tools $1,000.00
Truck 5,000.00
Immovable property located in Calcasieu Parish containing two (2) acres more or less 6,000.00
One registered Appaloosa horse 800.00
One three-wheel Honda 800.00
One 1977 truck 500.00
One 1979 automobile 250.00
Furniture located in home 250.00
TOTAL ASSETS $14,600.00
LIABILITIES
None
RECAPITULATION
Total Assets $14,600.00
Total Liabilities -0-
NET VALUE OF COMMUNITY $14,600.00
Value of One-half (¾⅛) of Community $ 7,300.00
*989 REIMBURSEMENTS
By Mr. McDonald to Mrs. McDonald:
For one-half of the value of funds used to construct improvements on his separate property $15,976.50
2) Ordering a partition in kind of the above property as follows:
a. The plaintiff-appellant is to have possession and ownership of the following:
Tools $1,000.00
Truck 5,000.00
One three-wheel Honda 800.00
One 1979 automobile 250.00
Furniture located in home 250.00
b. The defendant is to have possession and ownership of the following:
Immovable property located in Calcasieu Parish containing two (2) acres more or less $6,000.00
One registered Appaloosa horse 800.00
One 1977 truck. 500.00
c. The plaintiff-appellant is ordered to provide a promissory note for the reimbursement owed for one-half of the value of funds used to construct improvements on his separate property in the amount of FIFTEEN THOUSAND, NINE HUNDRED SEVENTY-SIX AND 50/100 ($15,976.50) DOLLARS, payable at the rate of eight (8) percent per annum for a period of ten (10) years in equal monthly installments of ONE HUNDRED NINETY-THREE AND 84/100 ($193.84) DOLLARS, with the first payment due thirty (30) days from the rendition of this judgment and each remaining payment due on the same day of each succeeding month thereafter until paid;
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court recognizes MAYONA LOU MCDONALD’S interest in GEORGE MILLS MCDONALD’S Citgo retirement and thrift plans. Such interest is to be determined according to the formula as such set forth in Sims v. Sims, 358 So.2d 919 (La.1978), which is as follows:
[[Image here]]
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that MAYONA LOU McDONALD is hereby recognized as having an interest according to the above cited formula in any Citgo retirement plan in favor of GEORGE MILLS McDONALD and an interest in any annuity or lump sum payment paid by Citgo to GEORGE MILLS McDONALD;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all costs of these proceedings, including appeal costs, are to be divided equally between the parties.
AFFIRMED IN PART, REVERSED IN PART, and RENDERED.

. Arts. 149 to 156. Repealed by Acts 1990, No. 1009, § 9, eff. Jan. 1, 1991.