HAWTHORNE, Justice.
The only issues presented by this appeal are whether 680 shares of the common stock of the Baton Rouge Coca-Cola Bottling Company, Ltd., and the proceeds of a retirement pension of $500 a month are the separate property of Thomas H. Daigre, or whether the shares and the pension belong to the community which formerly existed between Thomas Daigre and his wife. The lower court held that the stock and the pension were the separate property of the husband, and the wife has appealed.
Julia Sanchez and Thomas H. Daigre were married on January 12, 1926. On July 14, 1953, a judgment was rendered decreeing a separation a mensa et thoro between them, and this judgment recognized Mrs. Daigre as the owner of an undivided one-half interest in all the property belonging to the community of acquets and gains which previously had existed between them. Before the marriage Mr. Daigre owned 20 shares of stock in the Baton Rouge Coca-Cola Bottling Company, Ltd., which he brought into the marriage, and these 20 shares of Coca-Cola stock are conceded to be his separate property. During the existence of the marriage, however, the Coca-Cola Company declared stock dividends on the original 20 shares of separate property, and the 680 shares of Coca-Cola stock which appellant contends fall into the community are these stock dividends.
For a solution of the questions presented on this appeal it is necessary for us to examine the provisions of our Civil Code defining separate and community property of married persons. These provisions are found in Articles 2334 and 2402, which read as follows:
“Art. 2334. The property of married persons is divided into separate and common property.
“Separate property is that which either party brings into the marriage, or acquires *687 during the marriage with separate funds, or by inheritance, or by donation made to him or her particularly.
'. * * * * * • * .
“Common property is that which is acquired by the husband and wife during marriage, in any manner different from that above declared. * * * ”
“Art. 2402. This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way. * * * »
To resolve the issue of whether the stock dividends in this case are separate or community property, we must first determine just 'what stock dividends are and' what is the effect of their declaration.
In 11 Fletcher, Cyclopedia of the Law of Private Corporations (Perm.Ed.1932); Section 5362, p. 904, we find the following :
“A stock dividend converts surplus assets into capital. Such a dividend takes nothing from the property of the corporation, and in no way depletes its assets. The corporation still has just as much property as it had before and is just as solvent and just as capable of meeting all demands upon it.'. Nor does such a dividend-add anything to the capital of the shareholder. ‘It changes the form of his investment by increasing his number of shares, thereby diminishing the value of each share, leaving the aggregate value of all his stock substantially the same.’ While he acquires the ownership of more shares, each represents a smaller fractional interest than before in the total amount of-the corporate property, and his proportionate interest and ownership in the assets of the corporation remain precisely the same. * * . * ” . ... .
Authority for the above statement is found in the leading case of Gibbons v. Mahon, 136 U.S. 549, 10 S.Ct. 1057, 34 L.Ed. 525 cited by Fletcher. In Towne v. Eisner, 245 U.S. 418, 38 S.Ct. 158, 159, 62 L.Ed. 372, the Supreme Court of the United States, through Mr. Justice Flolmes, held that a stock dividend was not income. The court cited and relied on the Gibbons-case, saying:
“*'*’* ‘A stock dividend really takes nothing from the property óf the corporation, and adds nothing to the interests of the shareholders. Its-property-is not-diminished, and their interests .are -not increased.. * * * The proportional interest of each shareholder remains the same. The only change is in the evidence which represents that interest, the new shares and the original shares together representing the same proportional, interests that the original shares represented before-the issue of new ones:’ Gibbons v. Mahon, 136 U.S. *689 549, 559, 560, 10 S.Ct. 1057, 34 L.Ed. 525. In short, the corporation is no poorer and the stockholder is no richer than they were before. Logan County, Ky. v. United States, 169 U.S. 255, 261, 18 S.Ct. 361, 42 L.Ed. 737. * * * Again, if certificates for $1,000 par were split up into ten certificates each, for $100, we presume that no one would call the new. certificates income. What has happened is that the plaintiff’s old certificates have been split up jn effect • and-Have-diminished in value to the extent of-.the value of the new.”
See also Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521.
Thus in the instant case the. stock dividends declared by the Coca-Cola .Company during the existence of the community merely changed the form of Thomas Dai.gre’s separate property by increasing the number of his-shares, thereby, diminishing the value of each share and leaving the aggregate value of all his stock substantially" the same. Therefore, when Mr. Daigre received- these stock dividends during the existence of the community, he did not acquire any property’which he ha’d not owned before the marriage. Consequently Article 2334 of the Civil Code is not applicable to this case.
Appellant contends, however, that corporate stocks received as stock dividends aré fruits of the stock on which the dividends are declared. If this is true, the stock dividends in the instant case fell into the community, and Mrs. Daigre is entitled to be recognized as the owner of an undivided one-half interest in these stock divi-r dends under the established jurisprudence of this state that fruits, both civil and natural, of the husband’s separate property fall into the community during its existence’. Art. 2402, La.Civil Code; Succession of Ratcliff, 212 La. 563, 33 So.2d 114; Milling v. Collector of Revenue, 220 La. 773, 57 So.2d 679, and authorities there cited.
Article 545 of the Civil Code defines civil fruits as the rents of real property, the interest of money, and annuities, and all other kinds of revenue-or income derived from property by the operation of law or private agreement. See also Art. 499, La.Civil Code. We do not think that stock dividends fall within the definition of civil fruits as given in the Civil Code or any other law of which we have knowledge. As we have previously pointed out, a stockholder who has received stock dividends has received nothing that he did not ’ already own. His proportionate interest in the assets and property of the corporation remains" precisely the same. Nothing h-áfe been taken from the property of the corporation; and nothing has been added to the interest of the shareholder. Under.these facts he. certainly has not received any revenue or income derived from property by operation of law or private agreement, nor are these stock dividends rents of real property, the interest o£ money, or annuities.-
*691 Appellant also cites Article 2386 as authority for the proposition that stock dividends are to be considered as fruits of the stock on which the dividends are issued. This article provides that “The fruits of the paraphernal property of the wife * * * whether natural, civil, including interest, dividends and rents, or from the result of labor, fall into the conjugal partnership, if there exists a community of acquets and gains * * * ”. (Italics ours.)
The word “dividends” is used in this article in its ordinary sense, that is, a cash distribution to stockholders of profits on their investments, and it has no. reference whatever to stock dividends. Black’s Law Dictionary (1944) says of a stock dividend : “ * * * A stock dividend is not in the ordinary sense a dividend, which is a cash distribution to stockholders of profits on their investments, but rather it is an increase in the number of shares declared out of profits, the increased number representing exactly the same property as was represented by the smaller number of shares. * * * It is really nothing more than a process in corporation bookkeeping. * * * ”[1]
Appellant also cites and relies on a decision of the Supreme Court of Spain of November 8, 1893, Colección Legislativa de España, Segunda Serie, Parte Tercera, Jurisprudencia Civil, Vol. III of 1893, p. 400, at p. 420. In brief appellant quotes from the holding of that case as authority for the proposition that stock dividends are fruits which fall into the marital community.
We are not familiar with the corporate laws of Spain, but, as we have already pointed out, under the corporate laws of this country and this state a stock dividend does not come within the definition of civil fruits found in our Code and our jurisprudence.
Further, counsel for appellant in support of their argument that stock dividends are fruits rely on certain expressions and statements found in a dissenting opinion in the case of Succession of Quintero, 209 La. 279, 24 So.2d 589, 162 A.L.R. 1150. In that case the court was trying to determine the testamentary intention of the deceased as expressed in her will. The question of whether stock dividends were fruits within the meaning of the articles of our Civil Code was not an issue in the case.
It is thus clear that the stock -dividends in the instant case are not profits within the meaning of Article 2402. Moreover, although Mr. Daigre’s Coca-Cola *693 stock has greatly increased in value during his marriage, appellant makes no contention that this increase in value is the produce of the reciprocal industry and labor of husband and wife under the provisions of Article 2402. In our opinion, therefore, Article 2402 is not pertinent in the decision of this case.
Of course the interest or stock which Mr. Daigre owns in the Baton Rouge Coca-Cola Company, Ltd., has materially increased in value during his marriage. There is nothing in the record, however, to warrant our holding that this increase in the value of Mr. Daigre’s interest or stock, which is his separate property, resulted from common labor, industry, or expenses, and indeed appellant does not so contend. We must conclude, therefore, that the increase in value of the stock was due only to the ordinary course of things, to the rise in the value of property, or to the chances of trade, and that Mrs. Daigre is not entitled to be awarded an undivided one-half interest in the stock dividends under Article 2408 of the Civil Code. See Beals v. Fontenot, 5 Cir., 111 F.2d 956.
We are fortified in our conclusion regarding the nature of a stock dividend by a federal case which was decided a few years ago under the laws of Texas. Texas is a community property state, and there, as in Louisiana, the fruits and profits of the spouses’ separate property are considered as community property. See 1 de Funiak, Principles of Community Property (1943), p. 181. Although the fruits and profits of the spouses’ separate property fall into the community, the United States Circuit Court of Appeals for the Fifth Circuit in Scofield v. Weiss, 131 F.2d 631, 632, with Judge Hutcheson as its organ, held that under the laws of Texas stock dividends declared during the marriage on stock which was the separate property of the husband were his separate property and not community property. In the course of that opinion the court said:
“ * * * It seems to be conceded, but if not, it is well settled that an original issue of corporate stock, which was separate property when issued to the husband, retains its separate character, no matter how much it increases in value as a result of surplus accumulated out of the earnings of the corporation. Commissioner v. Skaggs, 5 Cir., 122 F.2d 721; O’Connor v. Commissioner, 5 Cir., 110 F.2d 652. * * * It is equally well settled that dividends paid in cash or property during the existence of coverture out of the earnings of a corporation on account of stock, the separate property of either spouse, are community property. The claim of the taxpayer here is that stock dividends paid during coverture are the same in actual and legal effect as cash or property dividends so paid, and are, therefore, community property. Entirely apart from the weight given by the decisions of the Supreme Court in Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570, and Koshland v. *695 Helvering, 298 U.S. 441, 56 S.Ct. 767, 80 L.Ed. 1268, 105 A.L.R. 756, to the conclusion, that the declaration of a stock dividend works no change in the corporate entity and does not increase the actual interest of the shareholder in the assets of the corporation but merely increases the number ■of the units by which his interest is represented, we think it clear that under the settled jurisprudence of Texas, separate ownership of stock in a corporation may not be converted in part into community ownership by the device of declaring stock dividends. If this were so, a wife owning stock in a successful and prospering corporation might find the protection of her separate ownership taken away overnight and her property subjected to the claims of her husband’s community creditors at any time that the directors decided to declare stock dividends. Nor is it any answer to say that ■the directors can do this by declaring cash dividends, for the two are not the same. Declaration of cash dividends above a normal rate depletes the assets and affects the security and strength of the corporation. The declaration of stock dividends has no ' effect upon it. The corporation’s assets re- •' main the same. Its strength is unimpáired. ' In Beals v. Fontenot, we pointed out the prime Necessity under the community sys- • tern of sticking to the general rule estab- ' lished by the jurisprudence that property ■ owned separately before marriage does not - through the. increase of value after mar- ■ riage become, either as to the original or the increased value, property of the community. * * *”
 We think the holding in the above case is sound, and that what we have-quoted from it is pertinent and applicable to the instant case.
Therefore the judgment of the district court holding the 680 shares of stock in question to be the separate property of the-husband is correct.
We shall now discuss the proceeds, .of the retirement pension of $500 a month payable monthly to Thomas H. Daigre. In November of 1945, shortly before Mr. Daigre’s retirement, the board of directors of the Coca-Cola Company adopted a resolution “That from and after December 1,. 1945, a retirement pension shall be paid to Mr. T. H. Daigre of $500 per month, payable monthly”.
At the time of the dissolution of the community this.pension was being paid without any deductions by the company, and the sole question • presented here is Whether •Mrs. Daigre is entitled to orie-half bf-the-proceeds of this pension.- She argues that this pension was acquired during the existence of the marriage, and that consequently its proceeds are community property and she is entitled to one-half. We do not agree with her.
According to the record, Mr. Daigre never contributed in any way to a pension fund. Moreover, the record does not dis *697 close that there was any contractual obligation on the part of the Coca-Cola Company to pay this pension, and Mr. Daigre himself testified that he had no contractual rights in the matter. Furthermore, there is no allegation or proof in the record which would indicate that this pension is being paid by the company as remuneration for services rendered by Mr. Daigre during the existence of the community. On the contrary the record shows that the pension is a mere gratuity, and that the Coca-Cola Company could discontinue it at will. Consequently under the facts of this case we hold that the husband did not acquire the pension during the existence of the community, and that all pension payments which have been or may be made by the Coca-Cola Company after the dissolution of the community are the separate property of Thomas Daigre.
We are indebted to counsel on both sides in this case for the very able assistance they have given the court by the briefs filed on this appeal. Counsel have been diligent in their efforts to marshal authorities in 'support of their respective positions, and ■have so well and so exhaustively cited to us the law applicable to this case that the court found it necessary to do very little independent research and has written the decision almost entirely from the briefs of counsel.
The judgment is affirmed.
FOURNET, C. J., absent.

. At this point it might also be well to consider the difference between a stock dividend and a cash dividend which the shareholder uses to buy stock in the same corporation. The difference between these two transactions is easy to grasp. In the sftick dividend transaction the shareholder’s proportionate interest in the corporate assets remains unchanged. On the other hand, if a shareholder receives a cash dividend with which he buys additional shares of the same type of stock in the same corporation, the shareholder’s proportionate interest in the corporation assets is increased.