PONDER, Justice.
 

 Plaintiff, Mrs. Julia Sanchez Daigre, brought suit as the former wife of Thomas H. Daigre seeking to recover a sum equal to one-half of the premiums paid on three life insurance policies, one taken out before the marriage, and two taken- out after the marriage, on which the premiums were paid by the husband during the marriage and out of community funds. In the alternative, the plaintiff, seeks - to recover ari amount. equal to the cash surrender value of the three policies of insurance at the time of the dissolution of the. community by judgment of separation from bed" and board. The, defendant £l§d
 
 *475
 
 of no cause or right of action based on the contention that this is a partial dissolution of community without a definitive partition accompanied by a final and complete accounting of all the community rights and obligations. This exception was overruled and the lower court rendered judgment awarding to the plaintiff $12,729.53, being an amount equal to one-half of the premiums paid during the marriage on ,the policy taken out by the defendant before the marriage, and an amount equal to one-half of the cash surrender value at the time of dissolution of the community, on two policies which were taken out by defendant-during the marriage. From this judgment, the defendant has appealed and the plaintiff has answered the appeal asking for an amendment of the judgment so as to allow an amount equal to one-half of the premiums paid on the policies taken out during the marriage with interest from the date of' dissolution of the community, on the theory that all of the policies are the separate property of the husband.
 
 [1]
 
 The Louisiana Community Property Taxpayers Committee filed a brief in this Court as amicus curiae urging that this Court hold the policies issued after marriage to be community property.
 

 The case was tried on an agreed stipulation of facts, to-wit: Mrs. Julia Sanchez Daigre and Thomas H. Daigre were married to each other on January 12, 1926. On March 6, 1953 Mrs. Daigre instituted suit for separation from bed and board and a final judgment was rendered granting the separation and recognizing Mrs. Daigre as the owner of an undivided one-half interest in and to all property of every kind and nature belonging to the community of acquets and gains heretofore existing between the parties; that prior to the marriage, on January 17, 1914, Thomas Daigre was issued a life insurance policy by the New York Life Insurance Company insuring his life and that he paid premiums on this policy with community funds during the marriage in the amount of $4,396.95, the said policy at the time of the dissolution of the community having a cash surrender value of $3,760; that Thomas Daigre took out two policies of life insurance, one with the Pan American Life Insurance Company, and one with the Guaranty Income Life Insurance Company, during the existence of the marriage and paid premiums on these policies with community funds; that the amount of premiums paid on these two policies during the marriage, with community funds amounts to $47,512.34 and their cash surrender value at the time of the filing of suit for separation was $21,062.11; that each of these policies stated that the insured
 
 *477
 
 had the right to change the beneficiary at will at any time.
 

 This is the second time that this Court has been presented with an appeal from a judgment involving a partial partition of this community. See 228 La. 682, 83 So.2d 900. If partial partition of communities or of partnerships is permitted it would foster multiplicity of actions and protract the liquidation of such communities and partnerships. In fact, the liquidation of a community could by such means be delayed over a period of years.
 

 It is argued by counsel for appellant that a community of acquets and gains dissolved by separation must be liquidated by a definitive partition and one spouse may not effect a partial partition of a portion of its as’sets without a final and complete accounting of all the community’s rights and obligations. Citing Article 2406, LSA-C.C.; Demoruelle v. Allen, 218 La. 603, 50 So.2d 208; Rhodes v. Rhodes, 190 La. 370, 182 So. 541; Tomme v. Tomme, 174 La. 123, 139 So. 901. The article of the Civil Code cited merely sets out the effects which compose the community of acquets and gains and the fact that they are divided into two equal portions between the husband and wife or between their heirs, at the dissolution of the marriage. In the case of Demoruelle v. Allen, supra, the question presented for decision was whether, when a marriage community has been judicially dissolved, actions for the partition of its effects may be entertained simultaneously in every parish where those effects might be situated. The court held that such actions could not be entertained simultaneously in different parishes. In that case, the court cited Rhodes v. Rhodes and pointed out that therein it was held that either partner to the marriage may initiate the partition proceedings. In the Rhodes case the partition was instituted by the wife and the husband opposed on two grounds (1) that it was in derogation of the rights of mortgage creditors and (2) the community being insolvent, the sale to effect a partition had to await the liquidation of debts. In speaking of the holding of the Rhodes case in Demoruelle v. Allen (see 218 La. 615, 50 So.2d 211), this Court said: “Neither defense could operate to defeat her right to initiate the action for partition, for it seems obvious that in the course of any definitive partition, provision must be made for the payment of such debts as might still exist. Only in that sense can the hypothesis be maintained that the prior liquidation of debts is not prerequisite to the action for partition.” In the case of Tomme v. Tom-me, supra, the court held that the question whether either spouse gets anything
 
 after
 
 the community is dissolved depends upon whether the community is solvent and the
 
 *479
 
 wife may sue for her share of the property before the community has been liquidated and without alleging that it is insolvent (see Tugwell v. Tugwell, 32 La.Ann. 848; Glassock v. Clark, 33 La.Ann. 584; Heirs of Murphy v. Jurey & Gillis, 39 La.Ann. 785, 2 So. 575; Succession of Dumestre, 42 La.Ann. 411, 7 So. 624; Verrier v. Loris, 48 La.Ann. 717, 19 So. 677; Levy v. Robson, 112 La. 398, 36 So. 472) for as the Tomme case says [174 La. 123, 139 So. 903] “This is for the reason that if she gets the property itself she takes it subject to the debts.” But in the Tomme case the court pointed out that the wife was not suing for her share of the community property, but for one-half its value alleging a sham sale. Her remedy, therefore, the court said was to have the sale set aside and therefore maintained the exception of no cause or right of action filed to her petition.
 

 In the instant case the plaintiff is suing for one-half of the premiums of life insurance as the owner of a one-half interest in and to all property of every kind and nature belonging, to said community of acquets and gains.
 

 Under the law every marriage contracted in this State superinduces of right partnership dr community of acquets :or gains, if theré be no' stipulation to the co'ntraty. "'Article 2399i:8f-'the Civil Code. And dissolution of the community of acquets and gains by divorce is likened to dissolution of partnership under the law. Tomme v. Tomme, supra. When there is a judgment dissolving the marriage, the parties become co-owners in indivisión of the property which belonged to the matriT monial community and either one has the right to provoke a judicial partition of the community property. See Giglio v. Giglio, 159 La. 46, 105 So. 95. This the defendant in the present case concedes. But the question is whether there must be a definitive partition and liquidation or is partial partition permissible under the law.
 

 In ordinary partnerships partial partition is not permitted and the partner seeking partition must ask for an accounting coupled with a suit for liquidation. Piecemeal partition is not allowed. In Tomme v. Tomme, supra, the wife did not ask for a partition of the property, nor that the community be liquidated, but she prayed for a money judgment representing one-half the alleged value of all the property belonging to the community formerly existent between petitioner and her former husband. The court therein, as previously stated, máintained an exception of no cause or right of action. No doubt from a reading of the decision therein, the court reasoned that the husband owes a divorced wife nothing unless the liquidation of the community shows some net amount re-'
 
 *481
 
 maining after the disposal of the property and payment of debts. Citing for this proposition Lawson v. Ripley, 17 La. 238; Succession of McLean, 12 La.Ann. 222; Hart v. Foley, 1 Rob. 378.
 

 While it is true that after divorce the wife,' as a joint owner, may sue her husband for a partition of the community property without alleging or proving the liquidation of the community, Giglio v. Giglio, 159 La. 46, 105 So. 95; Rhodes v. Rhodes, 190 La. 370, 182 So. 541; In re F. H. Koretke Brass & Mfg. Co., Ltd., 195 La. 415, 196 So, 917; Butler v. Bolinger, 16 La.App. 397, 133 So. 778, it is not however proper to give a wife a money judgment which is. executory without first ascertaining if there are any debts.
 

 We have been unable to find any case in the jurisprudence of this Court where a piecemeal partition was obtained. In all of the cases a partition of the entire community estate was petitioned for.
 

 However, in the case of Daigre v. Daigre, 228 La. 682, 83 So.2d 900, previously decided by this Court, a partial partition of this same community was sought’ and an. exception of no cause or right of action was filed and overruled by the lower court, this Court considered .that plea abandoned in argument here and hence this exception was not passed upon. Therein the question submitted for determination was whether certain property . was a community asset and this Court concluded that it belonged to the separate estate of the husband so that a partition of part of the community as prayed for was not effected.
 

 "[5]- To permit piecemeal partition of this community would hamper and delay the liquidation of this ■ community and the same rule would govern -.this community partnership that governs ordinary partnerships. These rulés expedite the liquidation of these “partnerships.
 

 Moreover, it would be impossible for this Court to give the plaintiff a money judgment against the defendant because after the debts are paid, if any, it may be that her interest in the community would be less than the amount prayed for.
 

 For the reasons assigned, the judgment of the lower court is reversed and set aside. The exception of no cause br right of action is sustained and plaintiff’s suit is dismissed at her "cost. '
 

 [1]
 

 . The defendant having died pending this appeal, his executor has been made party defendant herein.