SAVOY, Judge.
Plaintiff and defendant were married on May 3, 1968; and on March 11, 1969, plaintiff was granted a final divorce from defendant dissolving the marriage. The judgment was amended on March 19, 1969, denying plaintiff alimony.
Subsequent to the March 11, 1969 judgment, plaintiff filed in the instant suit a petition styled, “Petition for Settlement of Community”. The petition recites that a *674 final judgment of divorce has been rendered between the parties; that community-property has been acquired by the parties during the marriage; that the divorce decree dissolved said community, and plaintiff no longer desires to remain owner in indivisión with defendant but desires a partition of the community. Plaintiff prays for the appointment of a Notary Public and appraisers to value the community property. Defendant filed a motion for summary judgment on the grounds that the pleadings in the divorce proceedings, a previous separation suit, the marriage contract entered into by the parties before the marriage of May 3, 1968, and the testimony of plaintiff show conclusively that no community of acquets and gains was ever established during the marriage between the parties; and that defendant is entitled to a summary judgment. After a hearing on the motion, the trial judge agreed with defendant’s position and granted the summary judgment. Plaintiff appealed.
There was introduced in the record a prenuptial' contract entered into between the parties on May 3, 1968. The contract is not lengthy and is set forth in its entirety.
Article 1 of the contract, as originally written, provided that there would be no community established during the marriage ; however, it was deleted from the final contract.
Article 2 of the final contract, (deletions included within parentheses) is as follows:
“All property and effects of the said husband and wife, (whether) owned by him or her at the time of the celebration of said intended marriage, (or acquired during said marriage) are hereby declared to be separate property, and that of the wife, separate and paraphernal property, and they and each of them do hereby expressly reserve to themselves individually the entire administration of their respective particular movable and immovable property, and the respective free enjoyment of each of their revenues.”
The record shows that plaintiff objected to the deleted portions, and they were deleted from the final contract at her request and insistence.
LSA-Civil Code Article 2399 provides:
“Every marriage contracted in this State, superinduces of right partnership or community of acquets or gains, if there be no stipulation to the contrary.”
LSA-C.C. Article 136, Subsection 2, provides that the marriage is dissolved whenever the married couple obtains a legal divorce.
LSA-C.C. Article 2406 provides for a division of the community upon dissolution of the marriage. Upon said dissolution the parties become owners in indivisión, and either one can provoke a judicial partition of the community. Daigre v. Daigre, 230 La. 472, 89 So.2d 41.
As we interpret the pre-nuptial contract, all properties owned as of the date of the marriage would remain their separate and paraphernal property. Any property acquired during the marriage would be community property. This being true, there was a material issue of fact, and the district court was in error in granting defendant a summary judgment. Kay v. Carter, 243 La. 1095, 150 So.2d 27.
For the reasons assigned the judgment of the district court granting defendant a summary judgment is reversed and set aside, and the case is remanded for further proceedings in the district court consistent with the views expressed herein.
Costs of this appeal to be borne by ap-pellee. All other costs to await final determination of the matter.
Reversed and remanded.