365 So.2d 1186 (1978)
Betty Bickers POLLOCK, Plaintiff and Appellee,
v.
POLLOCK ENGINEERING COMPANY, INC., Charles Edward Pollock, and Harold V. Wait, Defendants and Appellants.
No. 6779.
Court of Appeal of Louisiana, Third Circuit.
December 20, 1978.
*1188 John A. Jeansonne, Jr., Richard Kennedy, Lafayette, for defendant and appellant.
Thompson & Perrin, Michael F. Thompson, Lafayette, for plaintiff and appellee.
Before CULPEPPER, FORET and CUTRER, JJ.
CULPEPPER, Judge.
This is a suit for a writ of mandamus. The plaintiff, Mrs. Betty Bickers Pollock, contends she is the owner of one-half of 80 shares of stock of the defendant corporation, Pollock Engineering Company, Inc. The 80 shares are represented by a certificate issued in the name of the defendant, Charles Edward Pollock, plaintiff's former husband from whom she is now divorced. She seeks a writ of mandamus ordering the corporation and its officers, Charles Edward Pollock, as president, and Harold V. Wait, as secretary, to cancel the stock certificate issued in the name of Charles Edward Pollock and to issue a new certificate for 40 shares in the name of the plaintiff.
After a trial on the merits, the district judge held that the 80 shares of stock issued in the name of Mr. Pollock were owned by the community of acquets and gains previously existing between plaintiff and Mr. Pollock. However, since there has been no conventional nor judicial partition of the community recognizing plaintiff as owner of 40 shares, the trial judge refused to order the corporation or its officers to issue a certificate for 40 shares in plaintiff's name.
Nevertheless, the district judge ordered the corporation and its officers to recognize the plaintiff as the owner in indivision with Mr. Pollock of the 80 shares of stock and to afford her all of the rights and privileges accompanying such ownership "including the right to vote in corporation shareholders meetings and to inspect the books of the corporation." The defendants appealed.
The issue is whether the trial judge erred in ordering the corporation and its officers to recognize plaintiff as the owner of an undivided one-half interest in the 80 shares of stock and to afford her all of the rights and privileges accompanying such owner-ship, including the right to vote in corporation shareholders meetings and to inspect the books of the corporation.
The trial judge correctly recognized that, upon the dissolution by divorce of the community of acquets and gains, Mr. and Mrs. Pollock became the owners in indivision of an undivided one-half interest in all of the community property, including the 80 shares of stock at issue. The district court also correctly reasoned that Mrs. Pollock is not the owner of 40 shares but is, instead, the owner in indivision of a one-half interest in 80 shares. The trial judge also concluded:
"The petitioner is actually asking this court to order this corporation to partition this community property in kind, and this is something which neither this court nor this corporation has the power to do. A district court can only order the corporation by a writ of mandamus to perform its duties, and a corporation has a duty only to issue a stock certificate in recognition of the ownership of the stock, but it has no duty nor power to partition community property and thereby force a determination of ownership. This is for the parties or the court to determines."
The district court was clearly correct in these conclusions. LSA-C.C.P. Article 3862 provides that a writ of mandamus may be issued "where the law provides no relief by ordinary means." LSA-C.C.P. Article 3864 provides that a writ of mandamus may direct a corporation to perform duties required by its charter or bylaws or prescribed by the law, or to recognize the rights of its shareholders. In the present case, the relief provided by law to Mrs. Pollock is to sue for a partition of the community and to seek to obtain a judgment recognizing her as the owner of 40 of the 80 shares in dispute. The corporation and its officers could then be compelled by mandamus to recognize Mrs. Pollock as the owner of 40 shares and to issue a certificate to her for these shares.
*1189 Also applicable here is the rule enunciated in Daigre v. Daigre, 230 La. 472, 89 So.2d 41 (1956) that piecemeal partition of the community of acquets and gains is not allowed. In the present case, plaintiff is seeking a piecemeal partition of the community.
The trial judge correctly refused to order the corporation and its officers to transfer 40 shares of stock to the plaintiff.
However, we find the trial judge erred in ordering the corporation and its officers to recognize Betty Pollock as owner of an undivided interest in the 80 shares of stock issued solely in her ex-husband's name and to afford to her all of the privileges of a stockholder. Under the specific language of the Louisiana Corporation Code, a corporation and its officers are bound to recognize as legal owner only the person in whose name a certificate representing shares of stock is issued. Neither the corporation nor its officers is liable to "any one claiming any interest in, or ownership of, said shares, or any part thereof, by virtue of an undisclosed or latent legal or conventional title or interest therein." LSA-R.S. 12:601. Additionally, the Corporation Code provides that only shareholders of record on the books of the corporation are entitled to receive dividends, to vote at meetings, or to exercise subscription rights. LSA-R.S. 12:75 and 12:77. Under these provisions, Betty Bickers Pollock is not entitled to any rights of a shareholder.
As alleged co-owner in indivision of the stock, plaintiff is not without redress of her legal rights. Her remedy is an action against her ex-husband to partition the entire community of acquets and gains which existed between them, including the 80 shares of stock. Daigre, supra.
For the reasons assigned, the judgment appealed is affirmed insofar as it refused to order the corporation or its officers to transfer 40 shares of the stock to plaintiff. Otherwise, the judgment is reversed and set aside. All of the demands of plaintiff are rejected and her suit is dismissed. All costs in the trial and appellate courts are assessed against the plaintiff.
AFFIRMED IN PART, REVERSED AND RENDERED IN PART.