473 So.2d 112 (1985)
Odis S. JOHNSON, Plaintiff-Appellee,
v.
Dean Frazier JOHNSON, Defendant-Appellant.
No. 84-513.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1985.
Rehearing Denied August 8, 1985.
*113 Sylvia Roberts, Baton Rouge, for defendant-appellant.
Gahagan and Gahagan, Marvin F. Gahagan, Natchitoches, for plaintiff-appellee.
Before GUIDRY, KNOLL and KING, JJ.
KNOLL, Judge.
Dean Frazier Johnson appeals the dismissal of her rule against Odis S. Johnson for a preliminary injunction ordering the return of an automobile jointly titled in their names, and an order directed to Odis Johnson to pay mortgage notes on a Florida condominium. We affirm, finding Dean Frazier Johnson's petition in noncompliance with LSA-R.S. 9:2801.
On August 1, 1983, Odis S. Johnson filed suit against Dean Frazier Johnson for a final divorce; the petition, among other things, alleged that no community property was acquired during their marriage. Dean Frazier Johnson answered admitting all the allegations of the petition for divorce, except the averment that no community of acquets and gains existed; on the contrary, she alleged the existence of a community regime or, in the alternative, that she had rights to property acquired during the marriage as the result of a contract entered between them during the marriage. On October 12, 1983, an uncontested judgment of divorce was granted reserving Dean Frazier Johnson's right to assert any claims which she may have to property acquired during their marriage. On December 12, 1983, Dean Frazier Johnson filed a summary proceeding asking the trial court to issue a preliminary injunction directing Odis Johnson to return an automobile acquired during their marriage, and ordering him to pay mortgage notes on a Florida condominium purchased by them during their marriage. After commencing the hearing on Dean Frazier Johnson's rule nisi on December 19, 1983, the trial court, on its own motion, halted the proceedings finding that the rule was not incidental to the divorce and that issues relative to the division of their property were pending in another division of that district court as an adjunct to a petition for separation which Dean Frazier Johnson initiated prior to Odis Johnson's petition for divorce. Accordingly, the trial court dismissed Dean Frazier Johnson's rule and a formal judgment of dismissal was signed on February 17, 1984.
Subsequent to the oral dismissal of her rule, but prior to the signing of the formal judgment of dismissal, Dean Frazier Johnson filed an amended pleading in which she attached a preliminary sworn detailed descriptive list and asked the trial court to dispose of the property issues between her *114 and her husband. Additionally, she had her previously filed petition for separation dismissed with prejudice.
On February 17, 1984, Dean Frazier Johnson applied for a new trial, alleging that on her own motion the previously filed separation action had been dismissed with prejudice and her pleadings had been amended detailing the community debts and liabilities. The trial court fixed this application for hearing on March 6, 1984. However, prior to the hearing on this application, upon motion of Dean Frazier Johnson, an order of appeal was entered on February 28, 1984, granting her an appeal from the February 17, 1984, judgment. On March 6, 1984, the trial court denied the motion for a new trial, and on May 2, 1984, a formal judgment was signed to this effect. On that same day Dean Frazier Johnson was also granted a devolutive appeal from the judgment of May 2, 1984, denying her application for a new trial.
Dean Frazier Johnson contends the rule to show cause why Odis S. Johnson should not be ordered to return their automobile and to pay the mortgage notes on their Florida condominium is incidental to the divorce action originally instituted by Odis Johnson. She first argues that considering the amendment of her pleadings and the voluntary dismissal of her previously filed petition for separation, the trial court erred in failing to grant her motion for a new trial. From the outset we note that the trial court was without authority to entertain the motion for a new trial on March 6, 1984, because its jurisdiction was divested upon the granting of the order of appeal from the original judgment on February 28, 1984. LSA-C.C.P. Art. 2088. Therefore we conclude that appellant's motion for a new trial was waived or abandoned when, on her motion, the order for an appeal from the judgment of February 17, 1984, was entered. Mouton v. Mosley, 448 So.2d 893 (La.App. 3rd Cir.1984).
The procedural posture of Dean Frazier Johnson's action on December 19, 1983, was that of a summary proceeding and, although it was not styled as a partition, the judicial resolution of her rule necessitated the classification of a part of the property acquired during her marriage as either community or separate property, and the determination of Odis S. Johnson's liability for indebtednesses incurred during their marriage.
A partition of community property may be asked for as incidental relief in a suit for divorce, but it must be requested in the petition and handled in an ordinary proceeding. LSA-C.C.P. Art. 82; Little v. Little, 371 So.2d 1194 (La.App. 1st Cir. 1979); Thibodeaux v. Duos, 343 So.2d 441 (La.App. 3rd Cir.1977).
It has long been settled that the piecemeal partition of property acquired during marriage and the settlement of claims arising from matrimonial regimes after termination of the community is not permitted. Pollock v. Pollock Engineering Co., Inc., 365 So.2d 1186 (La.App. 3rd Cir.1978); Daigre v. Daigre, 230 La. 472, 89 So.2d 41 (1956).
LSA-R.S. 9:2801 mandates the specific procedure for the partition of community property and the settlement of the claims arising from the matrimonial regime. Hall v. Hall, 460 So.2d 1053 (La. App. 2nd Cir.1984). We note, ex proprio motu, that neither Dean Frazier Johnson's original rule nisi nor her amending rule complied with the specific requirements of R.S. 9:2801. Furthermore, the instant proceeding is inappropriate under R.S. 9:2801 because it fosters the long prohibited practice of settling claims arising from matrimonial regimes in a piecemeal fashion.
Accordingly, we hold that the proceeding initiated by Dean Frazier Johnson is governed by R.S. 9:2801 and shall be conducted in strict accordance with the specific provisions of that statute. See Hall, supra; Hinton v. Hinton, 452 So.2d 417 (La.App. 3rd Cir.1984); Simon v. Simon, 421 So.2d 931 (La.App. 4th Cir.1982), writ denied, 423 So.2d 1181 (La.1982). Therefore, for different reasons than those espoused by the trial court, we affirm the dismissal of Dean Frazier Johnson's rule. Costs of this appeal *115 are assessed against appellant, Dean Frazier Johnson.
AFFIRMED.