DOMENGEAUX, Judge.
Plaintiff, Barby Hicks, brought this suit to recover a portion of insurance proceeds received by his former wife, Mae Smith Hicks, after the insured home burned down. Barby Hicks alleges that the insured home, the insurance policy, and proceeds paid under the policy are community assets and that, therefore, he is entitled to one-half of any proceeds paid on the policy.
Barby Hicks and Mae Smith Hicks were married on June 1, 1977. After their marriage the parties began construction of a home on a lot purportedly sold to both parties by Mae Smith Hicks’ father. In order to finance the construction of the house, the parties borrowed $44,000.00 from the First Federal Savings & Loan, securing the loan with a mortgage on the lot and house. First Federal required that the parties maintain fire insurance on the house. On June 10, 1982, Barby Hicks filed a petition for divorce. Judgment of divorce was rendered on October 13, 1982. On July 18, 1982, prior to the judgment of divorce, fire destroyed the home. South Carolina Insurance Company, insurer of the home, issued a check payable to Barby Hicks and First Federal Savings & Loan for $81,907.00 covering the property damaged in the fire. On April 13, 1983, Barby Hicks filed this lawsuit seeking a judicial partition of the insurance proceeds. Of the sums paid, $43,746.97 was paid to First Federal as the unpaid portion of the loan. The parties agreed that Mae Smith Hicks was entitled to $27,000.00 to cover her sep *45 arate property also destroyed in the fire. The remaining excess funds are in dispute in this lawsuit.
After a trial on the merits, the trial court rendered judgment in favor of Mrs. Hicks, dismissing plaintiffs suit. The trial court found that Mrs. Hicks is entitled to all of the insurance proceeds as reimbursement for separate funds she had used for the benefit of the community. The trial court also found that Mrs. Hicks is entitled to the funds under a voluntary partition of the movable community assets.
On appeal, Barby Hicks has raised a number of assignments of error. However, because of our disposition of this case, we do not reach any of Mr. Hicks’ assignments of error. Since we find that these proceedings were not conducted in compliance with the mandatory requirements of La.R.S. 9:2801 we vacate the district court’s judgment and order Mr. Hicks’ petition dismissed without prejudice.
The pleadings and evidence submitted at trial reveal that this case is in effect a suit for partial partition of the community. La. R.S. 9:2801 provides in pertinent part that “[w]hen the spouses are unable to agree on a partition of community property or on the settlement of claims between the spouses arising from the matrimonial regime, either spouse, upon termination of the matrimonial regime, or as an incident of the action which would result in the termination of the matrimonial regime, may institute a proceeding, which shall be conducted in accordance with [La.R.S. 9:2801].” Our jurisprudence states that this statute provides the mandatory procedure for the judicial partition of community property in settlement of claims arising from the matrimonial regime. Johnson v. Johnson, 473 So.2d 112 (La.App. 3rd Cir.1985); Hall v. Hall, 460 So.2d 1053 (La.App. 2nd Cir.1984).
We also note that our jurisprudence does not favor the piecemeal partition of community assets through a judicial proceeding for partition. Johnson v. Johnson, supra; Hall v. Hall, supra; Daigre v. Daigre, 230 La. 472, 89 So.2d 41 (1956).
In this case, Mr. Hicks’ petition, styled a Petition for Judgment for Community Monies, states a claim arising out of the matrimonial regime formerly existing between the parties. Since La.R.S. 9:2801 mandates a specific procedure for the partition of community property in the settlement of claims arising from the matrimonial regime, we conclude that this lawsuit is governed by the provisions of that statute. We note, however, that this proceeding was not conducted in compliance with the specific requirements of La.R.S. 9:2801. For instance, neither party filed the required sworn detailed descriptive list of all community property, giving the fair market value and location of each asset, and all community liabilities. La.R.S. 9:2801(1).
Furthermore, this proceeding is inappropriate under La.R.S. 9:2801 because it fosters the disfavored practice of settling claims arising from matrimonial regimes through judicial proceedings in a piecemeal fashion.
Since Mr. Hicks’ petition states a claim arising out of the matrimonial regime formerly existing between the parties, and since this proceeding was not conducted in compliance with La.R.S. 9:2801, we hold that the trial court erred in proceeding with this suit to a trial on the merits and in rendering a judgment on the merits, dismissing plaintiff’s suit with prejudice. Accordingly, we vacate the district court’s judgment and order that plaintiff’s suit be dismissed without prejudice, since on appeal we do not reach the merits of Mr. Hicks’ claim.
All costs at trial and on appeal to be shared equally by plaintiff and defendant.
JUDGMENT VACATED.