SCHOTT, Chief Judge.
Patrick W. Marshall has appealed from a judgment in favor of his divorced wife ordering him to account for rentals he has collected from property owned by the community between them. An action for a partition of the community property is pending in the trial court. The issue is whether the judgment is contrary to jurisprudence which prohibits a piecemeal partition of community property.
Appellee obtained a legal separation from appellant in 1975. Over ten years later she sued for divorce on the ground of adultery. He reconvened seeking a divorce on the ground that they had lived separate and apart for six months since the legal separation without reconciliation. She answered the reconvention claiming that a reconciliation had occurred between the date of the separation and the date of the filing of the suit for divorce. In January, 1988 the trial court granted a judgment of divorce in favor of appellee on the ground of adultery. In the meantime appellee filed suit for petition of community property in accordance* with LSA-R.S. 9:2801, and the court ordered the parties to submit descriptive lists of the community property. With the partition suit pending appellee filed a rule against appellant to require him to account for the rentals he collected from a parcel of property in which the community owned an undivided interest and to pay her one-half of these rentals.
At the trial of the rule appellant testified that in 1973 while the parties were living together in marriage he acquired some vacant land with his two brothers. He acknowledged that his interest in the proper *7 ty belonged to the community and that in April of each year prior to 1988 he had given appellee one-half of the rentals he received during the previous calendar year. He admitted that he had not given her any part of the réntals collected since January, 1987. On November 29, 1988 the trial court made the rule absolute and ordered appellant to account for and pay to appellee one-half of the rentals he collected from the property in 1987 and by April 1, 1989 to account for and pay to her one-half of the rentals he would collect in 1988.
At the time of the rendition of this judgment the partition suit had not yet been tried and apparently the parties had not even filed their descriptive lists. One of the issues in the partition suit is the date of the community’s dissolution whose resolution will depend on whether there was a reconciliation between the date of separation and the date when the divorce suit was filed.
R.S. 9:2801 requires the parties to file descriptive lists of the community property and to traverse or concur in the list of the other party. After these lists are filed and a trial on the traversals, if any, is held, the court is in a position to make an equitable division of the property. The statute does not authorize piecemeal division of the community’s assets pending completion of the procedure it outlines.
In the judgment now being considered the trial judge has allocated a single asset, i.e. one-half of accrued rentals held by the husband, to the appellee without any indication of what other claims there may be between the parties or against the community. As noted by the court in Johnson v. Johnson, 473 So.2d 112, 114 (La.App. 3 Cir.1985) it has long been settled that the piecemeal partition of property acquired during marriage and the settlement of claims arising from the matrimonial regime after termination of the community is not permitted. This jurisprudence has been codified by R.S. 9:2801.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor appellant Patrick W. Marshall and against appellee, Margaret Franklin Marshall, dismissing her Rule for Payment of Rental Income at her cost. Her right to a full accounting is reserved in the partition proceedings to be conducted in accordance with R.S. 9:2801.
REVERSED AND RENDERED.