552 So.2d 472 (1989)
Shirley Giglio, Wife of Eugene C. NUNEZ, Sr.
v.
Eugene C. NUNEZ, Sr.
No. 88-CA-2359.
Court of Appeal of Louisiana, Fourth Circuit.
October 12, 1989.
*473 Lowe, Stein, Hoffman & Allweiss Terence L. Hauver, New Orleans, for plaintiff.
Charles A. Kronlage, Jr., New Orleans, for defendant.
Before BARRY, WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
At issue is the partial partition of the community property of Eugene Nunez and Shirley Giglio Nunez, pursuant to their 1986 divorce. We find that the trial court failed to partition the entire community in the March 4, 1989 judgment of partition and therefore remand for partition of the remaining assets. The March 4, 1989 judgment is stayed pending the completion of the partition.[1]
Shirley Giglio and Eugene Nunez were married on September 28, 1941, and were judicially separated by judgment rendered June 11, 1985. The judgment of divorce was rendered on October 24, 1986, and a judgment partitioning the community was rendered on March 4, 1988.
A review of the March 4, 1988 judgment, of the sworn descriptive lists filed by each party and of the briefs filed indicates that the trial court failed to partition some community assets, including a Delta Bank and Trust account, a Merrill-Lynch CMA account, Shell Oil-Canada stock, stock in Lakewood Country Club, and furniture and movables located in the respective domiciles of the parties.
This court has declined to sanction partial and fragmentary adjudications. Jeansonne v. Willie, 188 So.2d 170 (La.App. 4th Cir.1966), writ den. 252 La. 873, 214 So.2d 546 (La.1968).
This court stated in Jeansonne:
"No litigant has the right to try his lawsuits by degrees and to submit each isolated adjudication to a reviewing court. A case should be fully tried so that the court might pass on the matter as a whole and render a judgment such as could be executed without the necessity of a further trial in the lower court." 188 So.2d at 173.
The jurisprudence of this state leads us to the conclusion that this case must be remanded for complete partition of the community.[2] Further support for this conclusion is found in the Louisiana Code of Civil Procedure. LSA-C.C.P. art. 1915 allows partial judgments only in limited circumstances:
Art. 1915. Partial Judgment
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969.
(4) Signs a judgment on either the principal or incidental demand, when the two *474 have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B. If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.
This case does not fall within any of the exceptions listed in Art. 1915. An official comment under the 1968 version of LSA-C. C.P. art. 1915 states: "The rule that there should be one final judgment is designed to prevent multiplicity of appeals and piecemeal litigation."[3] We decline to review the merits of the judgment unless and until a complete partition of the community is effected.
For the reasons discussed herein, we remand the case for a complete partition of the community. Execution of the March 4, 1988 judgment of partition is stayed pending completion of the partition. Costs of this appeal are to be shared equally by the parties.
REMANDED.
NOTES
[1] We do not intend to indicate that partial judgments in community property settlements must always be stayed pending completion of the partition. However, there is no indication in this case that either party will be unduly prejudiced by the stay.
[2] Piecemeal partition of property acquired during marriage and settlement of claims arising from matrimonial regimes after termination of the community has long been prohibited. Daigre v. Daigre, 230 La. 472, 89 So.2d 41 (1956); Johnson v. Johnson, 473 So.2d 112 (La. App. 3d Cir.1985).

In Daigre, the Louisiana Supreme Court held that a wife could not effect a partial partition of the community property by any recovery of one-half of life insurance policy premiums paid during the marriage or of the cash surrender value of the policies at the time of the dissolution of the community. The Court stated that "piecemeal partition ... would hamper and delay the liquidation of this community". 89 So.2d at 45 (La.1956). The Court further stated that the same rule would govern this community partnership that governs ordinary partnerships.
[3] Article 1915 was subsequently revised in 1983. The article was amended to allow partial judgment on the issue of liability under certain circumstances (e.g., when that issue has been tried separately by the court), in order to reflect the intent of the last paragraph of former LSA-C.C.P. art. 466. The article was otherwise unchanged substantively.