DUFRESNE, Judge.
The parties hereto are well-acquainted with the facts of this case and with the chronology of the proceedings. Accordingly, we shall address the legal issues directly-
As to No. 89-CA-750, Karen Hicks’ appeal from the judgment of July 14, 1989, Terrell Hicks’ motion to dismiss the appeal is well-founded. The judgment on appeal is a consent judgment and thus is not appeal-able. LSA-C.C. art. 2085; Martin v. Holzer Sheet Metal Works, Inc., 376 So.2d 500 (La.1979). Further, the judgment itself incorporates an agreement by the parties not to appeal it. The bases on which Karen Hicks argues a right to appeal constitute an impermissible collateral attack on the judgment. See Benson v. Metropolitan Cas. Ins. Co. of New York, 79 So.2d 345 (La.App. 2 Cir.1955), writs denied May 23, 1955. Accordingly, the appeal must be dismissed.
Our ruling herein is not a finding of frivolous appeal, however. Terrell Hicks' prayer for damages for frivolous appeal, therefore, is denied.
In the consolidated matter, No. 89-C-806, Terrell Hicks’ application for supervisory writs, he asks this court to reverse the district court’s denial of his exception of no cause of action to Karen Hicks’ motions for new trial.
The first new-trial motion, filed June 5, 1989, was premature because it was filed prior to the signing of the judgment. A premature motion for new trial has no effect. See Bordelon v. Dauzat, 389 So.2d 820 (La.App. 3 Cir.1980). The second new-trial motion, filed on August 24, 1989, was of no effect because the order of appeal had already been signed, divesting the trial court of jurisdiction and *189 transferring jurisdiction to this court. LSA-C.C.P. art. 2088. Johnson v. Johnson, 473 So.2d 112 (La.App. 3 Cir.1985); Mouton v. Mosley, 448 So.2d 893 (La.App. 3 Cir. 1984). It is unnecessary, therefore, to decide the timeliness of the August 24, 1989, motion for new trial.
Our decision here does not preclude either party’s filing future motions for modification in the custody, visitation and support arrangements for their children, as these matters always remain open to review by the courts.
For the foregoing reasons, the appeal, No. 89-CA-750, is dismissed. The application for writs, No. 89-C-806, is granted and the district court is ordered to dismiss the motion for new trial regarding the judgment of July 14, 1989. Costs are assessed against Karen Hicks.

APPEAL NO. 89-CA-750 DISMISSED; WRIT APPLICATION NO. 89-C-806 GRANTED, WITH ORDER.