781 So.2d 768 (2001)
Patsy Baden CORLEY
v.
Frederick H. BADEN.
No. 00-1407.
Court of Appeal of Louisiana, Third Circuit.
February 28, 2001.
*769 Michael Hathorn Davis, Davis & Saybe, Alexandria, LA, Counsel for Patsy Baden Corley.
Brian D. Cespiva, Gravel, Cespiva, & Wilkerson, Alexandria, LA, Counsel for Frederick H. Baden.
Court composed of SAUNDERS, DECUIR, and SULLIVAN, Judges.
DECUIR, Judge.
Patsy Baden Corley and Fred Baden were married in 1952 and legally separated in 1975. A community property settlement was executed on December 19, 1975. After a final divorce was granted in 1977, both parties remarried. In 1998, Patsy filed the instant suit to partition retirement funds which are now being paid to Fred by the City of Pineville. She contends that a portion of the retirement account is community property and must be partitioned. The trial judge rejected Patsy's claims and dismissed her suit. She now appeals. For the following reasons, we affirm.
Fred Baden was first elected mayor of Pineville in 1970. At that time, the City of Pineville did not offer retirement benefits to its employees. When the Badens separated and terminated their community of acquets and gains in 1975, the City of Pineville still did not provide retirement benefits as part of its compensation to employees. In 1995, the City joined the Municipal Employees' Retirement System of Louisiana. The City purchased a retirement package which was essentially retroactive to 1970. The plan was set up to provide benefits to an employee to the same extent as if contributions had been made on his behalf throughout his employment, since January 1, 1970. Fred retired as mayor in 1998 and began drawing retirement at that time.
Patsy Baden claims a community interest in the retirement funds attributable to Fred's employment with the City of Pineville during their marriage, specifically, January 1, 1970 through November 26, 1975. She contends the trial judge erred in finding the language of the 1975 community property settlement precluded her from seeking a supplemental partition of the retirement funds. She further alleges error in the trial court's failure to declare the retirement funds, in part, community property.
The 1975 community property settlement contains the following provision:
As a result thereof, the parties discharge each other from any further accounting to the community which formerly existed between them and acknowledge that the properties received herewith are approximately of the same value and that said community has been fully liquidated as above set forth.
The trial judge construed this provision as a waiver of her right to collect future *770 retirement benefits. We find this interpretation to be incorrect. While the parties certainly waived the right to recalculate or reapportion community property listed in the settlement, they did not forfeit any interest each may have in community property not included in the settlement.
In Moreau v. Moreau, 457 So.2d 1285 (La.App. 3 Cir.1984), this court allowed a supplemental partition of a husband's military retirement benefits which had been intentionally omitted from the community property settlement due to a mutual mistake of the parties. Likewise, in Succession of Tucker, 445 So.2d 510 (La.App. 3 Cir.), writ denied, 447 So.2d 1077 (La.1984), this court was presented with similar waiver language as in the instant case. We held:
LSA-C.C. art. 1308 provides that an action of partition lies between all persons who hold property in common. LSA-C.C. art. 1401 provides that the mere omission of a thing from the partition is not ground for rescission, but simply for a supplementary partition. The plaintiff here asks for nothing more than a supplementary partition of a community asset omitted from the original community property settlement through mutual oversight.... We do not interpret the clause in the partition agreement as a waiver of the plaintiff's right to seek a supplemental partition of an omitted asset which was never considered by the parties at the time of the original agreement. Therefore, the plaintiff has the right to ask for a supplemental partition under C.C. art. 1401.
445 So.2d at 513.
The more vexing question presented in this appeal is whether the retirement benefits which Fred Baden now receives, and has received since his retirement from employment with the City of Pineville, are community property and subject to partition between Fred and Patsy. Our analysis must begin with emphasis on the fact that the City did not purchase the retirement plan at issue until 1995, twenty-five years after Fred began serving as mayor of Pineville, and twenty years after the termination of the community between Fred and Patsy. The number of years is not important; what is important is that Fred did not, during his marriage to Patsy, acquire any right to share in the proceeds of the retirement fund established by his employer.
In T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1975), on rehearing, the supreme court set forth the rationale for the characterization of retirement proceeds as community property. The defining factor is the time at which contributions are made into the fund:
1. The contribution of the employer into these plans is not a purely gratuitous act, but it is in the nature of additional remuneration to the employee who meets the conditions of the plan. The employer expects and receives something in return for his contribution, while the employee, in complying, earns the reward. The credits to these plans, when made, are in the nature of compensation (although deferred until contractually payable).
2. Each contribution of the employer to the funds entitles the employee or his beneficiary to share subsequently in the funds' proceeds; when made during the community, the property right to share ultimately in the proceeds thereby acquired by the wage earner, is "acquire(d) during the marriage", Civil Code Article 2402 and is thus a community asset. Civil Code Article 2334; Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169 (1956). Therefore, the value of the right to share proportionately in the fund, which right is contractually acquired by virtue of each contribution, *771 falls into the community during which the contribution is made; for by each contribution, when made, the employee (or his beneficiary or estate) has acquired a right to share pro rata in the proceeds ultimately payable from the funds to the employee or his contractual beneficiary or his estate.
3. The value of the right to share in the retirement and profit-sharing funds is an incorporeal, movable right. When acquired during the existence of a marriage, the right-to-share is a community asset which, at the dissolution of the community, must be so classified even though at the time acquired or at the time of dissolution of a community, the right has no marketable or redeemable cash value, and even though the contractual right to receive money or other benefits is due in the future and is contingent upon the happening of an event at an uncertain time. Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169, 174-75 (1956). When a community is dissolved, the employee's spouse is thus entitled to be recognized as the owner of one-half the value of the right-to-share, insofar as attributable to the contributions paid into the fund as deferred compensation to the employee during the existence of the community (i.e., even though it may not by the contract be payable at that time). Id.; Laffitte v. Laffitte, 253 So.2d 120 (La. App. 2d Cir.1971), noted 33 La.L.Rev. 222-23 (1973). However, when the proceeds do become payable under the contract to the employee or his beneficiary or estate, the spouse is entitled at that time to receive payment as owner of her share of the proceeds, based upon the value of the right-to-share acquired during the community formerly existing between her and the wage earner.
Id. at 851-52 (emphasis added) (footnote omitted).
The supreme court described in T.L. James a typical deferred compensation plan, where payments are made to a retirement fund as part of an employee's present compensation package. Fred Baden had no such compensation until 1995. The contributions made on his behalf in 1995 were not compensation for service in the 1970's. Rather, the contributions were compensation for his work in 1995 and beyond. As explained in T.L. James, compensation includes the employer's expectation and receipt of something in return and the employee's compliance with earning his reward.
Fred acquired no right, in 1975, to share in a retirement fund. He did not acquire that right until 1995, when the City entered the Municipal Employees' Retirement System, and then included retirement contributions as part of Fred's compensation package. The City's 1995 contributions were a reward for Fred's long tenure; those contributions were not deferred compensation from Fred's employment during the years of his marriage to Patsy. Thus, the retirement benefits are not community property and are not subject to partition.
Patsy cites the case of Taylor v. Taylor, 473 So.2d 867 (La.App. 4 Cir.), writ denied, 477 So.2d 1126 (La.1985), which is somewhat similar to the present case. In Taylor, the parties separated in 1982. Months later, the husband's employer set up a retirement plan, and the husband acquired an interest which reflected his past years of service with the employer. The plan was established in September of 1982, prior to the May 12, 1983, judgment of separation which was made retroactive to the date of the petition, and prior to the final judgment of divorce. The court characterized the retirement benefits as a community *772 asset and allowed the wife to partition the interest.
We find Taylor distinguishable to the extent that it involves interest in a retirement plan that was acquired prior to the parties' divorce and also prior to the judgment of separation. The Taylor court found that "the right to receive the benefits of the plan is a community asset to the extent it is compensation attributable to Captain Taylor's service during the marriage." The case was remanded for a calculation of the value of the retirement plan portion attributable to service during the existence of the community.
The instant case is more akin to Daigre v. Daigre, 83 So.2d 900, 228 La. 682 (La. 1955), wherein the husband was granted a gratuitous pension upon his retirement. The court explained that the question of whether a retirement benefit "belongs to the community or is the separate property of the recipient depends chiefly upon the conditions and circumstances under which it is given." Id. at 906-07. The court found that there was no proof that the pension was paid as remuneration for services rendered during the existence of the community. In the case sub judice, the retirement contributions made by the City of Pineville in 1995 can not be viewed as compensation for service during the years 1970 through 1975. Accordingly, we find Patsy Baden Corley is not entitled to a partition of the retirement benefits in favor of Fred Baden from the City of Pineville
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of the appeal are assessed to Patsy Baden Corley.
AFFIRMED.