925 So.2d 671 (2006)
Margaret Jeanne Wright ALLEN, Plaintiff-Appellee
v.
James Lee ALLEN, Defendant-Appellant.
No. 41,204-CA.
Court of Appeal of Louisiana, Second Circuit.
March 2, 2006.
*672 Roland V. McKneely, III, Bossier City, for Appellant.
Russell O. Brabham, Shreveport, for Appellee.
Before GASKINS, PEATROSS and MOORE, JJ.
MOORE, J.
James Lee Allen appeals a judgment partitioning his retirement pension from his former employer. Noticing that the appeal is from a partial final judgment that has not been certified as immediately appealable, we dismiss.
The parties were divorced in 1992; nearly 10 years later, in April 2002, the former Mrs. Allen (now remarried as Ms. Darner) sued to partition the community. Her sworn descriptive list included only one item, Mr. Allen's retirement fund with Roadway Express/Teamsters Union, which she valued at $2,500 per month. She claimed a share of 27.5% pursuant to Sims v. Sims, 358 So.2d 919 (La.1978); this would have entitled her to a proportionate monthly sum of $687.50.
Mr. Allen later filed his own sworn descriptive list, valuing the pension at $60.00 per month. In addition, he listed community furniture and household goods in Ms. Darner's possession, a 1987 Chevy station wagon in his possession, and a community debt of $9,591.57 to Ms. Darner's mother, apparently a loan to buy the station wagon.
In pretrial proceedings Mr. Allen contended the pension should be partitioned in accord with Hare v. Hodgins, 586 So.2d 118 (La.1991), as its value had increased owing to his post-community efforts. He urged that Ms. Darner's share should be $80.14 per month. Ms. Darner urged that under the Sims formula, she was entitled to $420.00 per month.
At trial in May 2005, the principal issue was the pension. The court heard the arguments of counsel and received into evidence stipulations and the deposition of the pension manager. The court ruled that pension was subject to the Sims formula, under which Ms. Darner's share was 19.88% or $397.37 per month. At the end of the hearing, counsel announced an agreement to dismiss all claims with respect to the community movables, leaving only the issue of the community debt to Ms. Darner's mother. Counsel for Mr. Allen filed an amended sworn descriptive list claiming this debt was $1,502.57 and had been paid by him. Counsel for Ms. Darner was willing to agree that the debt was reduced, but not that it was paid by Mr. Allen. The court stated it would "reserve both parties' rights on the reimbursement aspects of that."
*673 The court rendered judgment awarding Ms. Darner $397.37 a month out of Mr. Allen's pension, an accrued sum of $17,484.28 with provisions for interest, and dismissing the claims with respect to the movables. The judgment also recited that "Plaintiff and Defendant specifically reserve all of their respective claims regarding the 1987 Chevrolet Celebrity station wagon, payments made thereon, reimbursement rights and debt owed (if any) to Bettye Wright [Ms. Darner's mother]." Mr. Allen took the instant suspensive appeal.
The appeal of partial final judgments is regulated by La. C.C.P. art. 1915, which provides in pertinent part (and with emphasis supplied):
Art. 1915. Partial final judgment; partial judgment; partial exception; partial summary judgment.
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
(6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. * * *
This article provides the exclusive list of partial final judgments which are immediately appealable. Rhodes v. Lewis, XXXX-XXXX (La.5/14/02), 817 So.2d 64; Reynolds v. Reynolds, 33,216 (La.App. 2 Cir. 5/10/00), 759 So.2d 295. The instant judgment, which partitions the pension but specifically reserves determination of the disputed community debt, is not part of the list. Nunez v. Nunez, 552 So.2d 472 (La. App. 4 Cir.1989); Lee v. Lee, 375 So.2d 769 (La.App. 4 Cir.1979). As such, it would require an express determination and designation by the district court as immediately appealable. The record does not contain any ruling to this effect. We *674 therefore must decline to review the merits of the judgment until a complete partition of the community is effected. Nunez v. Nunez, supra; Lee v. Lee, supra.
The appeal is dismissed. Costs are to be paid by the appellant, James Lee Allen.
APPEAL DISMISSED.